# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTSIDE VENTURES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No.: _____ |
| | § | |
| DWPW GRAND PARKWAY, LLC and | § | |
| HOUSTON COMMUNITY COLLEGE | § | |
| SYSTEM DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## INDEX

Exhibit 1    This index of items filed with the Notice of Removal;

Exhibit 2    Copies of all pleadings that assert causes of action and all answers to such pleadings;

Exhibit 3    A copy of the docket sheet from the County Court at Law Number 4 of Harris County; and

Exhibit 4    A list of counsel of record, including the addresses, telephone numbers, and parties represented by the same.

# EXHIBIT 2

3/4/2019 10:25 AM
Diane Trautman
County Clerk
Harris County

**1128913**

CAUSE NO. _____

| | | |
|---|---|---|
| WESTSIDE VENTURES, LTD. | § | COUNTY CIVIL COURT AT LAW |
| | § | |
| V. | § | NUMBER _____ |
| | § | |
| DWPW GRAND PARKWAY, LLC | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Westside Ventures, Ltd., files this Original Petition and would show this Court as follows:

### DISCOVERY PLAN

1.      Discovery will be conducted pursuant to a docket control order entered under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure. The expedited actions process of Texas Rule of Civil Procedure 169 does not apply because Plaintiff seeks non-monetary relief.

### RELIEF

2.      Plaintiff seeks non-monetary relief, specifically a determination of title to real property.

### PARTIES

3.      Plaintiff, Westside Ventures, Ltd., is a Texas limited partnership.

4.      Defendant, DWPW Grand Parkway LLC, is a Texas limited liability company and may be served with process through its registered agent, Deanne T. White, 3806 Chevy Chase, Houston, Texas 77019.

## VENUE & JURISDICTION

5.      Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC. &. REM. CODE §15.002.

6.      This Court has jurisdiction to determine issues of title to real property. TEX. GOV'T CODE §25.1032(d)(1).

## BACKGROUND FACTS

7.      Through deeds recorded in the Official Public Records of Harris County, Texas under File Numbers 2016-171407 and 2016-171408, Defendant is the owner of the following-described property situated in Harris County, Texas:

> That certain 54.578-acre tract of land located in the W.C.R.R. Company Survey, Abstract No. 903, and the H.T. & B.R.R. Company Survey, Abstract No. 421, Harris County, Texas, described in Special Warranty Deed dated October 8, 2008, from Kickerillo Company, Inc. to Perrin W. White and James M. Hill, Jr., recorded under Clerk's File No. 20080511148 of the Official Public Records of Real Property of Harris County, Texas (the "Kickerillo Property").

8.      Plaintiff is the original developer of the Katy Town Center project, a mixed-use development that included the Kickerillo Property and surrounding tracts situated at the northeast corner of the Katy Freeway and the Grand Parkway in Katy, Texas.

9.      In 2007, Plaintiff conveyed the Kickerillo Property to Defendant's predecessor-in-interest, the Kickerillo Company, Inc. ("Kickerillo"), by a deed recorded at File No. 20070597825 of the Official Public Records of Harris County, Texas. A true and correct copy of this deed is attached as Exhibit A. The deed into Kickerillo

included a covenant running with the land, expressly binding on the Kickerillo and its "successors and assigns," that restricted use of the property conveyed solely to "Residential Use." *See* Exhibit A at page 5.

10.     At the time it conveyed the Kickerillo Property, Plaintiff owned (and still owns) several tracts of land surrounding the Property that benefitted from the covenants and restrictions set forth in the deed. The restriction of the Kickerillo Property to residential use was part of an overall development plan for the entire mixed use development.

11.     Contrary to the express terms of the deed into its predecessor in interest, Defendant has asserted that the use restrictions do not apply or are not enforceable against it or its assigns.

## REQUEST FOR DECLARATORY RELIEF

12.     All of the foregoing facts are fully incorporated herein.

13.     A controversy exists as to the existence, applicability, and enforceability of the use restriction on the Kickerillo Property. A judicial determination of Plaintiff's rights, status, and other legal relations would terminate the uncertainty or controversy giving rise to this proceeding. All persons who have an interest in this declaratory judgment proceeding have been named as parties.

14.     Therefore, pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Plaintiff requests a judicial determination that the use restriction applies to the Kickerillo Property and that Plaintiff has the right to enforce the use

restriction restricting the Kickerillo Property solely to residential use consistent with the covenants set forth in the deed into Kickerillo.

15.     Plaintiff is entitled to recovery of its reasonable and necessary attorneys' fees and expenses incurred. TEX. CIV. PRAC. & REM. CODE 37.009.

## CONDITIONS PRECEDENT

16.     All conditions precedent to the relief sought have been performed, have occurred, or have been waived or excused.

Wherefore, Plaintiff requests:

(a)     that the Court declare that Plaintiff has the right to enforce the deed restriction prohibiting non-residential development of Defendant's property; and

(b)     that the Court award Plaintiff its attorneys' fees, other litigation expenses, costs of court, and such other and further relief, both at law and in equity, to which it may show itself to be entitled.

Respectfully submitted,

McFarland PLLC


/s/ Charles McFarland
Charles B. McFarland
State Bar No. 00794269
cmcfarland@mcfarlandpllc.com
Marie E. Delahoussaye
State Bar No. 24085953
mdelahoussaye@mcfarlandpllc.com
811 Louisiana St., Suite 2520
Houston, Texas 77002
Tel 713.325.9701
Fax 844.270.5032

ATTORNEYS FOR PLAINTIFF,
Westside Ventures, Ltd.

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### CASH SPECIAL WARRANTY DEED

**Date:** _September 28_____, 2007

**Grantor:**      Westside Ventures, Ltd., a Texas limited partnership

**Grantor's Mailing Address (including county):**

   1400 Post Oak Blvd., Suite 1200, Houston, Texas 77056
   Harris County

**Grantee:**      Kickerillo Company, Inc., a Texas corporation

**Grantee's Mailing Address (including county):**

   1306 South Fry Road, Katy, Texas 77450
   Harris County

**Consideration:**      TEN AND NO/100 DOLLARS and other good and valuable cash consideration.

**Property (including any improvements):**

   A tract of land comprising approximately 100.995 acres of land, comprised of 14 tracts of land (each being described to separately as a "Tract"), being described by metes and bounds on Exhibit "A" attached hereto and incorporated herein by this reference (the "Premises"). Tract 1 is described on Exhibit A-1, Tract 2 is described on Exhibit A-2, Tract 3 is described on Exhibit A-3, Tract 4 is described on Exhibit A-4, Tract 5 is described on Exhibit A-5, Tract 6 is described on Exhibit A-6, Tract 7 is described on Exhibit A-7, Tract 8 is described on Exhibit A-8, Tract 9 is described on Exhibit A-9, Tract 10A is described on Exhibit A-10A, Tract 10B is described on A-10B, Tract 10C is described on A-10C, Tract 10D is described on A-10D, and Tract 10E is described on A-10E. This conveyance also includes, without warranty, all and singular Grantor's right, title or interest in the rights, benefits, privileges, easements, tenements, hereditaments, and appurtenances thereunto belonging or appertaining solely thereto (and not to any of the Adjacent Property or the owner of the Adjacent Property, as the term "Adjacent Property" is defined below) thereto. This conveyance also includes Grantor's right, title or interest in any and all water and water rights, wells, well rights and well permits, water and sewer

HOU03:1128274.1                                                              1
6112.0029/SJS1979L/R:09-25-07/DI/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

RECORDED AT THE REQUEST
OF FIRST AMERICAN TITLE

taps, sanitary or storm sewer capacity or reservations and rights under utility agreements with any applicable governmental or quasi-governmental entities or agencies specifically set aside for, and with respect to the providing of utility service to, only such Premises and not any of the Adjacent Property.

It is expressly agreed that the Grantor makes no warranty, either express or implied, as to the physical condition of the Premises conveyed; the Premises is conveyed in "AS IS CONDITION", after inspection of the Premises by Grantee.

This conveyance is made and accepted subject to the Permitted Exceptions listed on Exhibit "B" attached hereto. Grantee assumes all of Grantor's obligations arising after the date of this deed under all documents evidencing Permitted Exceptions to the extent relating to the Premises and agrees to **indemnify, defend, protect and hold harmless** Grantor and its representatives, officers, directors, and shareholders, from and against any and all claims, liability, causes of action, costs and expenses, including without limitation attorneys fees, incurred by or claimed against Grantor by reason of or arising out of the acts or omissions or breach or default of Grantee or its successors or assigns under or with respect to the Permitted Exceptions; and likewise, Grantor agrees to **indemnify, defend, protect and hold harmless** Grantee and its representatives, officers, directors, and shareholders, from and against any and all claims, liability, causes of action, costs and expenses, including without limitation attorneys fees, incurred by or claimed against Grantee by reason of or arising out of the acts or omissions or breach or default of Grantor arising prior to the date of this deed under or with respect to the Permitted Exceptions to the extent relating to the Premises.

Ad valorem taxes with respect to the Premises for the current year have been prorated as of the date hereof in the amount agreed upon between Grantor and Grantee.  By acceptance of this deed, Grantee assumes and agrees to pay and *indemnifies* and agrees to hold Grantor harmless from and against any and all claims and liability for payment of ad valorem taxes relating to the Premises, for the current and all subsequent years.

The Grantor further herein reserves unto itself, its successor in interest and assigns, all of the oil, gas and other minerals ("Minerals") in and under, and that may be produced from the Premises.  Grantor, on behalf of itself, its successors and assign, hereby forever releases, waives and relinquishes all rights to use the surface of the Premises for seismic activities and for any and all other Minerals exploration or production purposes including, without limitation, exploring, drilling for, developing, producing, storing and processing the Minerals from the Premises.

Except only as provided in the last sentence of this grammatical paragraph, this Deed does not cover, and does not impose any obligations on Grantor, or its successors or assigns, relative to, Grantor's remaining property adjacent to the subject Premises; Grantor's remaining property (the "Adjacent Property") referring to the land described in Deeds filed for record under

HOU03:1128274.1                                    2
6112.0029/SJS1979L/R:09-25-07/DI/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

Harris County Clerk's File Nos. R655277 and S103217 to the extent owned by Grantor on March 20, 2007 and not included within the Premises being conveyed to Grantee hereunder. Grantor agrees to not develop on, or sell for the purpose of developing on, the Adjacent Property [except for senior (over 50 years of age) housing facilities and related amenities and improvements on Parcel G described on Exhibit "G" to this deed which is not encumbered by this covenant] Multi-Family Residential Units, for a period of two (2) years from and after the date of this deed.

The following express covenants are made by Grantee, and its successors and assigns, as covenants running with the land, as follows:

(a)     except during construction of improvements on the Premises for reasonable and necessary activities directly related to construction of improvements on the Premises, to not allow any obnoxious vibration, noise, odor or other noxious substance to emanate from the Premises or otherwise allow the same to constitute a legal nuisance, and to not conduct or permit any noxious or offensive activity to be carried on upon the Premises, and nothing shall be done on the Premises which may be or may become a legal nuisance;

(b)     except during construction of improvements on the Premises for reasonable and necessary activities directly related to construction of improvements on the Premises no structure of a temporary character, trailer, mobile home, basement, tent, shack or other outbuilding shall be used on the Premises;

(c)     except to the extent caused by third parties under existing Permitted Exceptions as to whom Grantee and its successors, assigns and those in privity with them have no control, no oil or gas well drilling, oil or gas development operations, oil or gas refining, quarrying or mining operations of any kind shall be permitted on the Premises, nor shall oil or gas wells, tanks, tunnels, mineral excavations or shafts be permitted on the Premises;

(d)     the Premises will not be used or maintained as a dumping ground for rubbish or trash, and, except during construction of improvements on the Premises, no garbage or other waste shall be kept except in sanitary containers concealed from public view, and except for trash compactors, there shall be no trash incinerators or other equipment for the disposal of trash located on the Premises, and any and all trash disposal equipment on the Premises shall be kept in a clean and sanitary condition at all times;

HOU03:1128274.1                                          3
6112.0029/SJS1979L/R:09-25-07/DI/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

(e)     the Premises shall be drained properly so that it does not drain upon any of the Adjacent Property owned by Grantor, its successors or assigns;

(f)     no portion of the Premises may be used for the operation of a massage parlor, adult (i.e., pornographic) bookstore, or other use that is not consistent with a first class development;

(g)     no portion of the Premises shall be used for, or leased or sold to any entity for the purpose of operating a bowling alley, bingo parlor, bar or lounge, post office, liquor store, flea market, "bulk" candy store, popcorn vendor, pool hall, skating rink, game room or game arcade;

(h)     the owner of the Premises shall not cause or permit anyone within said owner's control to cause to occur: (i) any violation of any federal, state, or local ordinance, or regulation related to environmental conditions on, under, or about the Premises, including, but not limited to, soil and groundwater conditions; or (ii) the use, generation, release, manufacture, refining, production, processing, storage, or disposal of any hazardous substance on, under, or about the Premises or the transportation to or from the Premises of any hazardous substance, except as normal and customary and as permitted by law; and

(i)     no portion of the Premises may be sold, leased, or otherwise used for the operation of a motion picture theatre for the staging of motion picture shows for commercial purposes or for profit, or for the selling of seats or places to show or view motion pictures for commercial purposes or profit, or for selling admission to view motion picture shows, provided that the foregoing shall not prevent, as an incidental use for an establishment not in the business of showing motion pictures, the showing of educational or training films, or the like, so long as there is no charge to view the films. This restriction contained in this subparagraph (i)will be automatically terminated upon the final termination of that one certain lease between Westside Ventures, Ltd., a Texas limited partnership, as Landlord, and Cinemark USA, Inc., as Tenant, including the amendments thereto and any extensions or renewals thereof, such lease being referred to in the Memorandum of Lease dated July 31, 1998 filed for record under Harris County Clerk's No. T204588, the "Demised Premises" being the "Cinemark Land", and in addition to other remedies that may be available at law or in equity, the Grantor or the

HOU03:1128274.1
6112.0029/SJS1979L/R:09-25-07/DI/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

4

owner of all or any portion of the Cinemark Land shall have the right to enjoin any use of any of the Premises in violation of this restriction.

In addition to the foregoing, Grantee and its successor and assigns covenant, as covenants running with the land, as follows:

The term "West Tract" means and includes Tracts 1, 2, 3, 8, 9 and 10A, as described on Exhibits A-1, A-2, A-3, A-8, A-9 and A-10 attached hereto. The term "East Tract" means and includes Tracts 4, 5, 6, 7, 10B, 10C, 10D and 10E, as described on Exhibits A-4, A-5, A-6, A-7, A-10B, A-10C, A-10D and A-10E attached hereto.

All of the Premises, except Tract 8, must be used solely for Residential Use. The West Tract will be used solely for Multi-Family Residential Use (as defined below) except for Tract 3 (see below), and the East Tract will be used solely for Single Family Residential Use (as defined below). "Residential Use" means Single Family Residential Use or Multi-Family Residential Use. "Single Family Residential Use" means there will be no more than one single family residence per one residential lot, where "residential lot" means a lot or parcel of land used for residential purposes on which is constructed one and not more than one single family residence. Each single family residential lot shall have on it one and only one permanent building designed for and occupied exclusively by a family, where "residence" means a detached building designed for and used as a dwelling by a single family and constructed on a residential lot and a "single family" means a group of individuals related by blood, adoption or marriage or a number of unrelated roommates not to exceed the number of bedrooms in a residence.

The Premises will not be used in any manner for Retail Use, Medical Building Use, Office Building Use, Day Care Use, Industrial Use, Manufacturing Use, or Service Distribution Use and no improvements will be developed or constructed on the Premises which will be used, operated or occupied for Retail Use, Medical Building Use, Office Building Use, Day Care Use, Industrial Use, Manufacturing Use, or Service Distribution Use.

"Retail Use" means the use of a parcel or tract or land or portion thereof within the Premises as the site of a building or group of buildings (including, without limitation, shopping center) designed or occupied for a purpose or purposes which include that of selling or renting goods or services to the general public on a commercial retail, wholesale, or other basis. Retail Uses include, without limitation, motion picture theaters, department stores, furniture stores, apparel stores, restaurants, lounges, theaters, convenience stores or fuel service stations, or establishments providing the following products or services: cleaning and maintenance products; drugs, cards, stationery, notions, books, tobacco products, cosmetics, apparel, or specialty items; or establishments providing the following products or services: jewelry, fabrics, or like items; cameras or photography services or equipment; electronic equipment, records, sporting equipment, kitchen utensils, appliances, supplies, or bicycles; home or office

HOU03:1128274.1
6112.0029/SJS1979L/R:09-25-07/Dl/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

5

furnishings or appliances, wallpaper, carpeting and floor covering, window covering, or automotive parts and accessories. "Retail Use" also includes an automobile car dealership.

"Day Care Use" means the use of a parcel or a portion thereof as the site of a building or group of buildings designed and/or occupied for the primary purpose of a children's day care facility.

"Industrial Use" means the treatment or processing of raw products in factories, with any attendant Retail Use.

"Manufacturing Use" means the use of a parcel or portion thereof as the site of a building or group of buildings designed and/or operated for the primary purpose of manufacturing without any attendant Retail Use.

"Office Building Use" means use of a parcel as the site of a building or group of buildings designed and occupied solely for general office purposes, including without limitation medical and doctors' offices.

"Service Distribution Use" means the use of a parcel or portion thereof as a site of a building or group of buildings used primarily for the distribution of goods and/or services from a light industrial manufacturing business or similar business.

"Medical Building Use" means use of a parcel as the site of a building or group of buildings designed and occupied solely for medical use or hospital use. "Hospital" means institution(s) in which the sick or injured are given medical or surgical care and overnight accommodations are provided. "Medical use" means the use of a site or a building or group of buildings used primarily by doctors, dentists, psychologists, and other similar professionals who will provide from or perform at such premises diagnostic tests, examinations, x-rays, outpatient surgery, and other similar services.

"Multi-Family Residential Use" means the use of a parcel or a portion thereof as the site of a building or group of buildings for rental or sale which are used solely for multifamily residential rental or condominium purposes.

Notwithstanding anything in these Restrictions to the contrary, there shall be no more than the following maximum number of multi-family and/or single family residential units constructed, used or, occupied on the following tracts of land encompassed within the West Tract (each of said tracts, except as otherwise set forth below, being sometimes referred to herein separately as a "West Tract Parcel," and the maximum number of multi-family and/or single family units applicable thereto as set forth below being referred to as the "Applicable Maximum Unit Number" for said West Tract Parcel):

HOU03:1128274.1
6112.0029/SJS1979L/R:09-25-07/Dl/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

6

(a)     The maximum aggregate number of multi-family and/or single family residential units to be constructed, used or occupied on any combination of Tract 1 and Tract 2 shall not exceed a total of five hundred ninety-four (594) units (the "Tracts 1 and 2 Maximum Number"), all of which units must be multi-family residential rental units. For the purposes of these Restrictions, Tract 1 and Tract 2, together, shall constitute a single West Tract Parcel (as such term  is used herein); provided, however, the owner or owners of fee title to both Tract 1 and Tract 2 shall have the right, at any time hereafter, to file an instrument of record with the County Clerk of Harris County, Texas (an "Allocation Designation") allocating the Tracts 1 and 2 Maximum Number between Tract 1 and Tract 2, subsequent to which filing, (i) each of Tract 1 and Tract 2 shall constitute a separate West Tract Parcel for the purposes of these Restrictions and (ii) the number of units allocated to each such tract in the Allocation Designation (which, in the aggregate, may not exceed the Tracts 1 and 2 Maximum Number) shall thereafter constitute such tract's Applicable Maximum Unit Number (as such term is used herein);

(b)     The maximum aggregate number of multi-family and/or single family residential units to be constructed, used or occupied on Tract 3 shall not exceed a total of three hundred fifty-six (356) units; provided, however, without altering either (i) the status of Tract 3 as constituting a single West Tract Parcel or (ii) the Applicable Maximum Unit Number for all of Tract 3, said tract may be subdivided into residential lots (which term, as used in these Restrictions, shall mean a lot or parcel of land used for residential purposes, or on which is constructed a single family residence);

(c)     No multi-family and/or single family units shall be constructed, used or occupied on Tract 8, Tract 9 or Tract 10A, which tracts are to be used for other purposes.

Notwithstanding the foregoing, an owner of fee title to a West Tract Parcel having an Applicable Maximum Unit Number shall have the right, at any time and from time to time after the date hereof, to increase the Applicable Maximum Unit Number for said West Tract Parcel upon the payment to Grantor, within ten (10) days after electing to increase said Applicable Maximum Unit Number, an amount (the "Increase Amount") equal to $10,000.00 times the amount by which the then current Applicable Maximum Unit Number for said West Tract Parcel is increased.  By way of example, if the owner of fee title to Tract 3 elects to increase the Applicable Maximum Unit Number for Tract 3 by ten (10) additional multi-family and/or single family units, said owner will be obligated to pay Grantor an Increase Amount of $100,000.00.  In the event that the owner of fee title to a West Tract Parcel elects to construct multi-family and/or single family residential units thereon in excess of the then current Applicable Maximum Unit Number for such West Tract Parcel and pays to Grantor the Increase Amount applicable thereto, Grantor shall cooperate with said owner in any replatting of the Premises required to achieve the same.  None of the West Tract Parcels (except Tract 3) may be subdivided into residential lots (as defined above).

Notwithstanding anything to the contrary contained in any of the covenants or restrictions

set out in this Deed (all said covenants and restrictions being referred to herein collectively as the "Restrictions"), each West Tract Parcel (or portion thereof in the event of any future subdividing of any West Tract Parcel) shall be treated separately for the purpose of application of these Restrictions, and each West Tract Parcel (or portion thereof in the event the same is hereafter subdivided) and the respective owner or owners of fee title to each West Tract Parcel (or portion thereof in the event the same is hereafter subdivided) shall be responsible only with respect to any uses of, or activities that occur on, said West Tract Parcel (or portion thereof in the event the same is hereafter subdivided), including, without limitations, responsibility for any financial obligations arising under the Restrictions as a result of such uses or activities, and not with respect to any uses of, or activities on, any of the remainder of the Premises, including, without limitation, any uses of, or activities on, any of the other West Tract Parcels (or any portions thereof).

Notwithstanding anything to the contrary, there shall be no more than 319 Residential Lots constructed on the East Tract, Grantee can allocate the 319 Residential Lots in any manner that works best for the Grantee on the East Tract.  Notwithstanding the foregoing sentence, Grantee reserves the right to increase the number of Residential Lots constructed on the East Tract and to allocate the number of Residential Lots in any manner that works best for the Grantee and shall pay to the Grantor, within ten (10) days after Grantee elects to increase the number of Residential Lots, an additional sum of money to be determined by the total number of Residential Lots less three hundred and nineteen Residential Lots times $8,500 per Residential Lot, to be paid to Grantor within ten (10) days after Grantee elects to add additional Residential Lots to the 319 Residential Lots, and each lot shall not be improved with more than one single family residence, and no duplex, tri-plex, four-plex, or the like may be constructed on any lot; and none of the East Tract may be used for Multi-Family Residential Use.  The East Tract may be used to construct single family townhomes (not to exceed three stories in height) or single family villas (not to exceed two stories in height), for sale or lease.  If Grantee elects to increase the number of Residential Lots in accordance with this subparagraph, Grantor will cooperate with any re-platting of the Premises as is necessary to accomplish the foregoing.

There shall be no more than 950 residential units constructed, used or occupied on the West Tract without an Increase Amount (as defined above), and there shall be no more than 319 Residential Lots constructed, used or occupied on the East Tract without an additional sum of money ($8,500.00 per Residential Lot) paid to Grantor as per the above provisions. It is hereby agreed that if the West Tract is fully and finally developed with less than 950 residential units and Unit Number Notices (as defined below) for Tract 1, Tract 2 and Tract 3 have been filed for record with the County Clerk of Harris County, Texas, evidencing the same, and the Limitation Restriction is filed for record in Harris County, Texas as provided below, the positive difference (the "Positive Difference") between (a) 950 and (b) the number of residential units constructed, used or occupied on the West Tract (or, as per the Limitation Restriction, permitted to be constructed, used or occupied on the West Tract), may then be allocated to the East Tract unit-for-unit thereby increasing *pro tanto* the number "319" appearing in the next preceding

HOU03:1128274.1
6112.0029/SJS1979L/R:09-25-07/Dl/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

8

grammatical paragraph of this deed. To facilitate this re-allocation, at any time the legal and beneficial owners of all of the land in the West Tract (joined by all mortgagees of record) shall file for record a restrictive covenant (the "Limitation Restriction") (in form and substance reasonably acceptable to Grantor) running with the title to the West Tract limiting the number of residential units which may be constructed, used or occupied on the West Tract to the applicable number (which shall be less than 950), whereupon development of the West Tract shall be limited by this revised maximum number of residential units which may be constructed, used or occupied on the West Tract so as to allocate such Positive Difference to the East Tract. To further facilitate such re-allocation, at such time as (i) any of Tract 1, Tract 2 and/or Tract 3, whether singularly or in combination with all or a portion of another of such Tracts, has been fully developed, (i) the owner of fee title to such developed Tract (the "Fee Owner") (joined by all mortgagees of record for such Tract) shall promptly thereafter execute and file an instrument of record with the County Clerk of Harris County, Texas, giving notice of the number of residential units actually constructed on such developed Tract (any such notice being referred to herein as a "Unit Number Notice"), and (ii) such number shall thereafter constitute the revised Applicable Maximum Unit (as such term is used in this deed) for such developed Tract, constituting a restriction on such Tract, running with the land. At such time as Unit Number Notices have been filed for record with the County Clerk of Harris County, Texas, for Tract 1, Tract 2 and Tract 3 (whichever is the last to occur), the aggregate number of residential units for all of said Tracts as reflected in such Unit Number Notices shall thereafter be used in calculating the Positive Difference (as such term is used above), unless the same has already been established in a Limitation Restriction.

The lift station currently within Tract 5 may be relocated by Grantee within Tract 5 (or otherwise at a suitable location and size agreed to by Grantor and Grantee) at the sole cost and expense of Grantee, but service to and from the lift station as relocated must continue as before the relocation. It is hereby agreed that Grantor and Grantee each have the right to expand the capacity of the lift station, with the cost of the expansion to be that of Grantee insofar as the needs of Grantee are concerned, and if Grantor elects to expand the capacity of the lift station as set forth in the next sentence hereof and such expansion will be in excess of Grantee's needs, then the cost to expand over and above Grantee's needs shall be paid by Grantor. When the first of either Grantor or Grantee desires to expand the capacity of the lift station and in writing notifies (the "Expansion Notice") the other party of the proposed expansion and the timing of the proposed expansion (the party sending the Expansion Notice being the "Notifying Party" and the party to whom the Expansion Notice is sent being the "Notified Party"), the Notified Party will either join with the Notifying Party in such expansion within the time frame set forth in the Expansion Notice, or the Notifying Party has the right to proceed with the proposed expansion without the joinder of the Notified Party but as far as the cost of the expansion is concerned, Grantee will nevertheless be responsible for the cost of the expansion insofar as the needs of Grantee are concerned and if the cost to expand to accommodate Grantor over and above Grantee's needs shall be paid by Grantor. Each party shall cooperate with the other in any such expansion. The phrase "needs of Grantee" means capacity relative to 998 ESFC; accordingly, the

HOU03:1128274.1
6112.0029/SJS1979L/R:09-25-07/Dl/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

9

portion of the expansion to be paid for by Grantee shall be the costs of expansion multiplied by a fraction, the numerator being 998 and the denominator being 998 plus the number of ESFC capacity required by Grantor, and likewise, the portion of the expansion to be paid for by Grantor shall be the costs of expansion multiplied by a fraction, the numerator being the number of ESFC capacity required by Grantor and the denominator being 998 plus the number of ESFC capacity required by Grantor.

Reference is here made to the document entitled "Road Agreement" of even date herewith between Grantor and Grantee pertaining to Tract 8, filed for record under Harris County Clerk's File No. ~~Filed Concurrently~~ *herewith*. Grantor and its successors and assigns hereby reserve an unobstructed, perpetual, non-exclusive and free right-of-way easement (the "Roadway Easement") for purposes of ingress, egress, passage and delivery by vehicles and pedestrians over and across and along Tract 8, and for drainage and drainage facilities, in along, under, upon, over and across Tract 8, all until the road (as described in the said Road Agreement) is completed and dedicated and accepted by the County upon which occurrence, Tract 8 shall automatically be released from these Restrictions (including, without limitation, the Roadway Easement) without the joinder or consent of any person or entity having rights under these Restrictions or the Roadway Easement. The Roadway Easement is appurtenant to and runs with all or any portion of Tracts 11, 12, 13 and 15 described on Exhibits A-11, A-12, A-13 and A-15 attached to the Road Agreement which is incorporated herein by this reference for all purposes.

Grantor, for the consideration, receipt of which is acknowledged, grants, sells and conveys to Grantee the Premises, together with all and singular the rights and appurtenances thereto in any wise belonging, TO HAVE AND TO HOLD the said Premises, subject to the aforesaid matters, together with all and singular the rights and appurtenances thereto belonging, subject to the provisions stated herein, to the said Grantee, its successors and assigns, and Grantor hereby binds itself and its successors, subject as aforesaid, to warrant and forever defend the title to the Premises conveyed in this instrument to the said Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through or under Grantor but not otherwise, and subject as aforesaid.

HOU03:1128274.1
6112.0029/SJS1979L/R:09-25-07/Dl/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

10

When the context requires, singular nouns and pronouns include the plural.

GRANTOR:  **WESTSIDE VENTURES, LTD.,**
**a Texas limited partnership**

By:  CORD REALTY, LLC,
a Texas limited liability company
Its General Partner

By:  Interwest Holdings LP, a Delaware limited
partnership, its Member-Manager

By:  Interfin Corporation, a Texas
corporation, its General Partner

By: _____
Giorgio Borenghi,
President

By:  MERCER REALTY, INC.,
a Texas corporation, Member-Manager of
Cord Realty, LLC

By: _____
Name: John M. McCormack, President

STATE OF TEXAS  )

COUNTY OF HARRIS  )

This instrument was acknowledged before me on $\underline{Sept. 28}$ , 2007, by John M.
McCormack, President of Mercer Realty, Inc., a Texas corporation, Member-Manager of Cord
Realty, LLC, a Texas limited liability company, General Partner of WESTSIDE VENTURES,
LTD, a Texas limited partnership, on behalf of said limited partnership.

_____
Notary Public, State of Texas

DAURICE WHITE
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
7-23-2008

HOU03:1128278.4  11
6112.0029/SJS1979L/R:09-25-07/DI/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

STATE OF TEXAS                )

COUNTY OF HARRIS           )

This instrument was acknowledged before me on $\underline{Sept. 28}$ , 2007, by Giorgio Borlenghi, President of Interfin Corporation, a Texas corporation, General Partner of Interwest Holdings LP, a Delaware limited partnership, Member-Manager of Cord Realty, LLC, a Texas limited liability company, General Partner of WESTSIDE VENTURES, LTD., a Texas limited partnership, on behalf of said limited partnership.



**JANE R. WHATLEY**
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
AUG. 13, 2009

_____
Notary Public, State of Texas

After recording return to: //
Kickerillo Bldg Co.
1306 S Fry Blvd
Katy TX
77450

RP 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

HOU03:1128274.1                                                    12
6112.0029/SJS1979L/R:09-25-07/Dl/mja
(Westside Ventures, Ltd. to Kickerillo Company, Inc.)

" A-1 "

WESTSIDE
TRACT 1
12.809 ACRES

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 2

### DESCRIPTION OF A 12.809 ACRE TRACT OF LAND SITUATED
### IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
### HARRIS COUNTY, TEXAS

BEING a 12.809 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421, Harris County, Texas, being a part of a called 31.884 acre tract described as "TRACT II, PART ONE" also part of a called 82.881 acre tract described as "TRACT 7" both recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 12.809 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**BEGINNING** at a Texas Department of Transportation (TxDOT) monument found for an angle point in the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies);

THENCE, N 04°51'06" E, a distance of 2.72 feet along the eastern right-of-way line of said State Highway 99 to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. Nos. K832356 and K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said 31.884 acre tract and said 82.881 acre tract the following two (2) courses:

N 88°01'27" E, 570.01 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

S 68°07'21" E, 176.41 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract;

THENCE, S 23°47'42" W, a distance of 930.32 feet, departing said south line and going over and across said 82.881 acre tract and said 31.884 acre tract a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract;

THENCE, continuing over and across said 31.884 acre tract the following three (3) courses:

In a northwesterly direction, 193.68 feet along the arc of a curve to the left, having a radius of 710.00 feet, a central angle of 15°37'47" and whose chord bears N 80°32'51" W, 193.08 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 88°21'45" W, 273.48 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a northwesterly direction, 39.27 feet along the arc of said curve to the right, having a radius of 25.00 feet, a central angle of 90°00'00" and whose chord bears N 43°21'45" W, 35.36 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve and being in the eastern right-of-way line of said State Highway 99;

WESTSIDE
TRACT 1
12.809 ACRES
PAGE 2 OF 2

THENCE, along the said eastern right-of-way line and the western lines of said 31.884 acre tract the following three (3) courses:

N 01°38'15" E, 37.46 feet to a TxDOT monument found for an angle point;

N 07°21'33" E, 487.64 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

N 12°08'18" E, 315.37 feet to the **POINT OF BEGINNING** and containing 12.809 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



Larry E. Grayson        RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP 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

R:PROJECTS\KIK\KIK13\ADMIN\12_809AcT1.doc

WESTSIDE                                    EXHIBIT                       APRIL 13, 2007
TRACT 2                                     " A-2 "                       JOB No. KIK13-60
14.289 ACRES                                                             PAGE 1 OF 2

RP 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

DESCRIPTION OF A 14.289 ACRE TRACT OF LAND SITUATED
IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
HARRIS COUNTY, TEXAS

BEING a 14.289 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421, Harris County, Texas, being a part of a called 31.884 acre tract described as "TRACT II, PART ONE" also part of a called 82.881 acre tract described as "TRACT 7" both recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 14.289 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for an angle point in the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies);

THENCE, N 04°51'06" E, a distance of 2.72 feet along the eastern right-of-way line of said State Highway 99 to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of said 31.884 acre tract and being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. Nos. K832356 and K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said 31.884 acre tract and said 82.881 acre tract the following two (2) courses:

> N 88°01'27" E, 570.01 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;
>
> S 68°07'21" E, 176.41 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, S 68°07'21" E, a distance of 804.31 feet continuing along said south line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract and being in the northern line of a 75-foot wide pipeline easement described and recorded in Volume 2020, Page 519 and Volume 4159, Page 255 of the Harris County Deed Records (H.C.D.R.);

THENCE, S 41°50'20" W, a distance of 1,116.15 feet, departing said south line and going over and across said 82.881 acre tract to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract;

THENCE, continuing over and across said 82.881 acre tract and said 31.884 acre tract the following two (2) courses:

> In a northwesterly direction, 478.82 feet along the arc of a curve to the left, having a radius of 710.00 feet, a central angle of 38°38'24" and whose chord bears N 53°24'46" W, 469.80 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract;
>
> N 23°47'42" E, 930.32 feet to the **POINT OF BEGINNING** and containing 14.289 acres of land.

WESTSIDE
TRACT 2
14.289 ACRES
PAGE 2 OF 2

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



Larry E. Grayson    RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

UNOFFICIAL COPY
COPY
UNOFFICIAL
RP 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

WESTSIDE
TRACT 3
14.392 ACRES

" *H-3* "

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 2

### DESCRIPTION OF A 14.392 ACRE TRACT OF LAND SITUATED
### IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
### HARRIS COUNTY, TEXAS

BEING a 14.392 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 14.392 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for an angle point in the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies);

THENCE, N 04°51'06" E, a distance of 2.72 feet along the eastern right-of-way line of said State Highway 99 to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of a called 31.884 acre tract described as "TRACT II, PART ONE" and recorded under H.C.C.F. No. R655277 and being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. Nos. K832356 and K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said 31.884 acre tract and said 82.881 acre tract the following two (2) courses:

> N 88°01'27" E, 570.01 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

> S 68°07'21" E, 1060.52 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northern most corner of the herein described tract and being the **POINT OF BEGINNING** also being in the southern line of a 75-foot wide pipeline easement described and recorded in Volume 2020, Page 519 and Volume 4159, Page 255 of the Harris County Deed Records (H.C.D.R.);

THENCE, departing said south line and going over and across said 82.881 acre tract the following seven (7) courses:

> S 01°18'26" E, 1,240.59 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. Nos. T071647 and T071648;

> S 88°41'50" W, 713.55 feet along the north line of said pipeline easement to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract;

> N 01°18'10" W, 75.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

> In a northwesterly direction, 155.76 feet along the arc of said curve to the left, having a radius of 500.00 feet, a central angle of 17°50'55" and whose chord bears N 10°13'38" W, 155.13 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

WESTSIDE
TRACT 3
14.392 ACRES
PAGE 2 OF 2

N 19°09'05" W, 65.60 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a northwesterly direction, 106.58 feet along the arc of said curve to the left, having a radius of 710.00 feet, a central angle of 08°36'03" and whose chord bears N 23°27'07" W, 106.48 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the southern line of said 75-foot wide pipeline easement;

N 41°50'20" E, a distance of 1,166.66 feet along said southern line to the **POINT OF BEGINNING** and containing 14.392 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



STATE OF TEXAS
REGISTERED
LARRY E. GRAYSON
5071
PROFESSIONAL
LAND SURVEYOR

Larry E. Grayson    RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP 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

R:PROJECTS\KIK\KIK13\ADMIN\14_392AcT3.doc

WESTSIDE
TRACT 4
24.264 ACRES

" A-7 "

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 2

### DESCRIPTION OF A 24.264 ACRE TRACT OF LAND SITUATED
### IN THE H. T. & B. R. R. COMPANY SURVEY, A-421
### AND THE W. C. R. R. COMPANY SURVEY, A-903
### HARRIS COUNTY, TEXAS

BEING a 24.264 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421 and the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 24.264 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for an angle point in the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies);

THENCE, N 04°51'06" E, a distance of 2.72 feet along the eastern right-of-way line of said State Highway 99 to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of a called 31.884 acre tract described as "TRACT II, PART ONE" and recorded under H.C.C.F. No. R655277 and being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. Nos. K832356 and K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said 31.884 acre tract and said 82.881 acre tract the following two (2) courses:

> N 88°01'27" E, 570.01 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

> S 68°07'21" E, 1060.52 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northern most corner of the herein described tract and being the **POINT OF BEGINNING** also being in the southern line of a 75-foot wide pipeline easement described and recorded in Volume 2020, Page 519 and Volume 4159, Page 255 of the Harris County Deed Records (H.C.D.R.);

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said 82.881 acre tract the following three (3) courses:

> S 68°07'21" E, 35.22 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

> S 68°06'17" E, 279.40 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

> S 67°59'06" E, 951.62 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract and being in the west line of a 60-foot wide utility easement described and recorded under H.C.C.F. No. R419765;

THENCE, departing said south line and going over and across said 82.881 acre tract the following six (6) courses:

WESTSIDE
TRACT 4
24.264 ACRES
PAGE 2 OF 2

S 21°56'13" W, 471.19 feet along the west line of said utility easement to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a southwesterly direction continuing along said west line, 55.97 feet along the arc of said curve to the left, having a radius of 530.00 feet, a central angle of 06°03'04" and whose chord bears S 18°54'41" W, 55.95 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

S 15°53'09" W, 355.31 feet continuing along said west line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. Nos. T071647 and T071648;

In a northwesterly direction along the north line of said pipeline easement, 598.50 feet along the arc of a curve to the left, having a radius of 2,095.00 feet, a central angle of 16°22'06" and whose chord bears N 83°07'07" W, 596.47 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

S 88°41'50" W, 262.34 feet continuing along said north line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract;

N 01°18'26" W, a distance of 1,240.59 feet to the **POINT OF BEGINNING** and containing 24.264 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.

Larry E. Grayson       RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

R:PROJECTS\KIK\KIK13\ADMIN\24_264AcT4.doc

EXHIBIT
" M-5 "

WESTSIDE
TRACT 5
1.211 ACRES

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 2

DESCRIPTION OF A 1.211 ACRE TRACT OF LAND SITUATED
IN THE W. C. R. R. COMPANY SURVEY, A-903
HARRIS COUNTY, TEXAS

BEING a 1.211 acre tract of land situated in the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 1.211 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a1/2-inch iron rod found for the most eastern corner of Unrestricted Reserve "A" of Westside Parkway, Section One a subdivision of record recorded under Film Code No. 464143 of the Harris County Map Records (H.C.M.R.) and being in the northern right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in volume 310, Page 62 of the H.C.M.R. also being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. No. K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said Unrestricted Reserve "A" and said 82.881 acre tract the following three (3) courses:

N 67°58'42" W, a distance of 277.03 feet to a 1/2-inch iron rod found for an angle point from which a found 1/2-inch rod bears S 67°03' W, 5.30 feet;

N 68°04'41" W, 1,327.37 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

N 67°59'06" W, 175.07 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, leaving the south line of said 190-foot wide fee strip going over and across said 82.881 acre tract along the line common to a 60-foot wide utility easement described and recorded under H.C.C.F. No. R419765 and a 150-foot wide drainage easement described and recorded under H.C.C.F. No. H314468 the following seven (7) courses:

S 21°56'13" W, 471.11 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a southwesterly direction, 49.64 feet along the arc of said curve to the left, having a radius of 470.00 feet, a central angle of 06°03'04" and whose chord bears S 18°54'41" W, 49.61 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

S 15°53'09" W, 355.31 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. Nos. T071647 and T071648;

In a northwesterly direction along the north line of said pipeline easement, 60.00 feet along the arc of a curve to the left, having a radius of 2,095.00 feet, a central angle of 01°38'28" and whose

WESTSIDE
TRACT 5
1.211 ACRES
PAGE 2 OF 2

chord bears N 74°06'50" W, 60.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract;

N 15°53'09" E, 355.31 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a northeasterly direction, 55.97 feet along the arc of said curve to the right, having a radius of 530.00 feet, a central angle of 06°03'04" and whose chord bears N 18°54'41" E, 55.95 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 21°56'13" E, 471.19 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the south line of said 190-foot wide fee strip;

THENCE, S 67°59'06" E, a distance of 60.00 feet to the **POINT OF BEGINNING** and containing 1.211 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



STATE OF TEXAS
REGISTERED
LARRY E. GRAYSON
5071
PROFESSIONAL
LAND SURVEYOR

Larry E. Grayson    RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP 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

R:PROJECTS\KIK\KIK13\ADMIN\I_211AcT5.doc

WESTSIDE
TRACT 6
2.999 ACRES

APRIL 13, 2007
" *H-6* "
JOB No. KIK13-60
PAGE 1 OF 2

DESCRIPTION OF A 2.999 ACRE TRACT OF LAND SITUATED
IN THE W. C. R. R. COMPANY SURVEY, A-903
HARRIS COUNTY, TEXAS

BEING a 2.999 acre tract of land situated in the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 2.999 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a 1/2-inch iron rod found for the most eastern corner of Unrestricted Reserve "A" of Westside Parkway, Section One a subdivision of record recorded under Film Code No. 464143 of the Harris County Map Records (H.C.M.R.) and being in the northern right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in volume 310, Page 62 of the H.C.M.R. also being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. No. K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said Unrestricted Reserve "A" and said 82.881 acre tract the following three (3) courses:

N 67°58'42" W, a distance of 277.03 feet to a 1/2-inch iron rod found for an angle point from which a found 1/2-inch rod bears S 67°03' W. 5.30 feet;

N 68°04'41" W, 1,327.37 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

N 67°59'06" W, 25.07 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, leaving the south line of said 190-foot wide fee strip going along the line common to a 150-foot wide drainage easement described and recorded under H.C.C.F. No. H314468 and said Unrestricted Reserve "A" the following three (3) courses:

S 21°56'13" W, 470.90 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a southwesterly direction, 33.80 feet along the arc of said curve to the left, having a radius of 320.00 feet, a central angle of 06°03'04" and whose chord bears S 18°54'41" W, 33.78 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

S 15°53'09" W, 362.84 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. Nos. T071647 and T071648;

THENCE, in a northwesterly direction along the north line of said pipeline easement, 150.22 feet along the arc of a curve to the left, having a radius of 2,095.00 feet, a central angle of 04°06'30" and whose

WESTSIDE
TRACT 6
2.999 ACRES
PAGE 2 OF 2

chord bears N 71°14'21" W, 150.19 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract;

THENCE, going over and across said 82.881 acre tract along the line common to a 60-foot wide utility easement described and recorded under H.C.C.F. No. R419765 and said 150-foot wide drainage easement the following three (3) courses:

N 15°53'09" E, 355.31 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a northeasterly direction, 49.64 feet along the arc of said curve to the right, having a radius of 470.00 feet, a central angle of 06°03'04" and whose chord bears N 18°54'41" E, 49.61 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 21°56'13" E, 471.11 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the south line of said 190-foot wide fee strip;

THENCE, S 67°59'06" E, a distance of 150.00 feet to the **POINT OF BEGINNING** and containing 2.999 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



Larry E. Grayson        RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

R:PROJECTS\KIK\KIK13\ADMIN\2_999AcT6.doc

WESTSIDE
TRACT 7
24.533 ACRES

"EXHIBIT
A-7"

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 2

DESCRIPTION OF A 24.533 ACRE TRACT OF LAND SITUATED
IN THE W. C. R. R. COMPANY SURVEY, A-903
HARRIS COUNTY, TEXAS

BEING a 24.533 acre tract of land situated in the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 25.1177 acre tract described as Unrestricted Reserve "A" of Westside Parkway, Section One a subdivision of record recorded under Film Code No. 464143 of the Harris County Map Records (H.C.M.R.), said 24.533 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**BEGINNING** at a1/2-inch iron rod found for the most eastern corner of said Unrestricted Reserve "A" and being in the northern right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in volume 310, Page 62 of the H.C.M.R. also being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. No. K832357;

THENCE, along the south lines of said Unrestricted Reserve "A" and the northern right-of-way lines of said Colonial Parkway the following three (3) courses:

In a southwesterly direction, 184.79 feet along the arc of a curve to the left, having a radius of 2,050.00 feet, a central angle of 05°09'53" and whose chord bears S 58°43'24" W, 184.73 feet to a 1-inch iron pipe found for the point of tangency of said curve;

S 56°08'28" W, 153.71 feet to a 3/4-inch iron pipe found for the point of curvature of a curve to the right;

In a southwesterly direction, 1,027.08 feet along the arc of said curve to the right, having a radius of 1,450.00 feet, a central angle of 40°35'04" and whose chord bears S 76°26'00" W, 1,005.75 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the most southerly corner of the herein described tract and being in the east line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. Nos. T071647 and T071648;

THENCE, along the lines common to said 30-foot wide pipeline easement and the herein described tract the following four (4) courses:

N 00°22'47" E, 45.29 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

In a northwesterly direction, 368.01 feet along the arc of a curve to the right, having a radius of 1,405.00 feet, a central angle of 15°00'26" and whose chord bears N 75°34'00" W, 366.95 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 68°03'47" W, 152.17 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a northwesterly direction, 41.02 feet along the arc of said curve to the left, having a radius of 2,095.00 feet, a central angle of 01°07'19" and whose chord bears N 68°37'27" W, 41.02 feet to

RP 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

WESTSIDE
TRACT 7
24.533 ACRES
PAGE 2 OF 2

a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract and being in the east line of a 150-foot wide drainage easement described and recorded under H.C.C.F. No. H314468;

THENCE, along the east line of said drainage easement the following three (3) courses:

N 15°53'09" E, 362.84 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a northeasterly direction, 33.80 feet along the arc of said curve to the right, having a radius of 320.00 feet, a central angle of 06°03'04" and whose chord bears S 18°54'41" W, 33.78 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 21°56'13" E, 470.90 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the south line of said 190-foot wide fee strip;

THENCE, along the south lines of said 190-foot wide fee strip and along the north lines of said Unrestricted Reserve "A" the following three (3) courses:

S 67°59'06" E, 25.07 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

S 68°04'41" E, 1,327.37 feet to a 1/2-inch iron rod found for an angle point from which a found 1/2-inch rod bears S 67°03' W. 5.30 feet

S 67°58'42" E, a distance of 277.03 feet to the **POINT OF BEGINNING** and containing 24.533 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



Larry E. Grayson      RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

WESTSIDE
TRACT 8
2.114 ACRES

" *A-8* "

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 3

RP 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

## DESCRIPTION OF A 2.114 ACRE TRACT OF LAND SITUATED
## IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
## HARRIS COUNTY, TEXAS

BEING a 2.114 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421, Harris County, Texas, being a part of a called 31.884 acre tract described as "TRACT II, PART ONE" also part of a called 82.881 acre tract described as "TRACT 7" both recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 2.114 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for an angle point in the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies);

THENCE, along the said eastern right-of-way line and the western lines of said 31.884 acre tract the following three (3) courses:

S 12°08'18" W, 315.37 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

S 07°21'33" W, 487.64 feet to a TxDOT monument found for an angle point;

S 01°38'15" W, 37.46 feet a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, leaving said eastern right-of-way line and over and across said 31.884 acre tract and said 82.881 acre tract the following seven (7) courses:

In a southeasterly direction, 39.27 feet along the arc of said curve to the right, having a radius of 25.00 feet, a central angle of 90°00'00" and whose chord bears S 43°21'45" E, 35.36 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

S 88°21'45" E, 273.48 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a southeasterly direction, 857.65 feet along the arc of said curve to the right, having a radius of 710.00 feet, a central angle of 69°12'40" and whose chord bears S 53°45'25" E, 806.45 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

S 19°09'05" E, 65.60 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a southeasterly direction, 155.76 feet along the arc of said curve to the right, having a radius of 500.00 feet, a central angle of 17°50'55" and whose chord bears S 10°13'38" E, 155.13 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

WESTSIDE
TRACT 8
2.114 ACRES
PAGE 2 OF 3

S 01°18'10" E, 95.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a southeasterly direction, 39.18 feet along the arc of said curve to the left, having a radius of 25.00 feet, a central angle of 89°47'55" and whose chord bears S 46°12'08" E, 35.29 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the northern right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in volume 310, Page 62 of the Harris County Map Records (H.C.M.R.);

THENCE, S 88°41'50" W, a distance of 130.00 feet along the said northern right-of-way line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract;

THENCE, leaving said northern right-of-way line and over and across said 31.884 acre tract and said 82.881 acre tract the following six (6) courses:

In a northeasterly direction, 39.27 feet along the arc of a curve to the left, having a radius of 25.00 feet, a central angle of 90°00'00" and whose chord bears N 43°41'50" E, 35.36 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 01°18'10" W, 155.53 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a northwesterly direction, 142.90 feet along the arc of said curve to the left, having a radius of 450.00 feet, a central angle of 18°11'42" and whose chord bears N 10°24'01" W, 142.30 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of compound curvature;

In a northwesterly direction, 781.25 feet along the arc of a curve to the left, having a radius of 650.00 feet, a central angle of 68°51'53" and whose chord bears N 53°55'48" W, 735.06 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 88°21'45" W, 273.48 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a southwesterly direction, 39.27 feet along the arc of said curve to the left, having a radius of 25.00 feet, a central angle of 90°00'00" and whose chord bears S 46°38'15" W, 35.36 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for corner in the said Eastern right-of-way line of grand Parkway;

THENCE, N 01°38'15" E, a distance of 110.00 feet along said eastern right-of-way line to the **POINT OF BEGINNING** and containing 2.114 acres of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.

RP 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

WESTSIDE
TRACT 8
2.114 ACRES
PAGE 3 OF 3

Larry E. Grayson        RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas  77042
Telephone: (281) 558-8700

RP 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

R:PROJECTS\KJK\KJK13\ADMIN\2_114AcT8.doc

WESTSIDE
TRACT 9
1.964 ACRES

EXHIBIT
" A-9 "

APRIL 13, 2007
JOB No. KIK13-60
PAGE 1 OF 2

### DESCRIPTION OF A 1.964 ACRE TRACT OF LAND SITUATED
### IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
### HARRIS COUNTY, TEXAS

BEING a 1.964 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 1.964 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for an angle point in the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies);

THENCE, N 04°51'06" E, a distance of 2.72 feet along the eastern right-of-way line of said State Highway 99 to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of a called 31.884 acre tract described as "TRACT II, PART ONE" and recorded under H.C.C.F. No. R655277 and being in the south line of a 190-foot wide Harris County Flood Control District fee strip described and recorded under H.C.C.F. Nos. K832356 and K832357;

THENCE, along the south line of said 190-foot wide fee strip and along the north lines of said 31.884 acre tract and said 82.881 acre tract the following two (2) courses:

N 88°01'27" E, 570.01 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for an angle point;

S 68°07'21" E, 980.73 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being the **POINT OF BEGINNING** also being in the northern line of a 75-foot wide pipeline easement described and recorded in Volume 2020, Page 519 and Volume 4159, Page 255 of the Harris County Deed Records (H.C.D.R.);

THENCE, S 68°07'21" E, a distance of 79.79 feet continuing along the south line of said 190-foot wide fee strip and along the north line of said 82.881 acre tract to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract and being in the southern line of said 75-foot wide pipeline easement;

THENCE, departing said south line and going over and across said 82.881 acre tract the following three (3) courses:

S 41°50'20" W, a distance of 1,166.66 feet along said southern line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract;

In a northwesterly direction, 78.57 feet along the arc of a curve to the left, having a radius of 710.00 feet, a central angle of 06°20'25" and whose chord bears N 30°55'21" W, 78.53 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract and being in the northern line of said 75-foot wide pipeline easement;

N 41°50'20" E, a distance of 1,116.15 feet along said northern line to the **POINT OF BEGINNING** and containing 1.964 acres of land.

WESTSIDE
TRACT 9
1.964 ACRES
PAGE 2 OF 2

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 16 Tracts" dated 04/13/07.



Larry E. Grayson     RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP  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

R:PROJECTS\KIK\KIK13\ADMIN\1_964AcT9.doc

WESTSIDE
TRACT 10A
0.734 ACRE

EXHIBIT
" #-/&A"

APRIL 26, 2007
JOB No. KIK13-60
PAGE 1 OF 2

DESCRIPTION OF A 0.734 ACRE TRACT OF LAND SITUATED
IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
HARRIS COUNTY, TEXAS

BEING a 0.734 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421 and the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 0.734 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for the point of intersection of the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies) and the north right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in Volume 310, Page 62 of the Harris County Map Records (H.C.M.R.);

THENCE, N 88°41'50" E, a distance of 1,017.57 feet along the north right-of-way line of said Colonial Parkway to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract and being the **POINT OF BEGINNING;**

THENCE, leaving said north right-of-way line and going over and across said 82.881 acre tract the following four (4) courses:

In a northwesterly direction, 39.27 feet along the arc of a curve to the right, having a radius of 25.00 feet, a central angle of 90°00'00" and whose chord bears N 46°18'10" W, 35.36 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

N 01°18'10" W, 20.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. No. T071648;

N 88°41'50" E, 713.55 feet along said north line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract;

S 01°18'26" E, 45.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north right-of-way line of said Colonial Parkway;

THENCE, S 88°41'50" W, a distance of 688.55 feet along said north right-of-way line and the south line of said 82.881 acre tract to the **POINT OF BEGINNING** and containing 0.734 of an acre of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 20 Tracts" dated 04/13/07, last revised 04/26/07.

WESTSIDE
TRACT 10A
0.734 ACRE
PAGE 2 OF 2



Larry E. Grayson        RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP 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

WESTSIDE
TRACT 10B
0.883 ACRE

" ℎ-10ℬ"

APRIL 26, 2007
JOB No. KIK13-60
PAGE 1 OF 2

EXHIBIT

### DESCRIPTION OF A 0.883 ACRE TRACT OF LAND SITUATED
### IN THE H. T. & B. R.R. COMPANY SURVEY, A-421
### AND THE W. C. R. R. COMPANY SURVEY, A-903
### HARRIS COUNTY, TEXAS

BEING a 0.883 acre tract of land situated in the H. T. & B. R.R. Company Survey, Abstract No. 421 and the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 0.883 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for the point of intersection of the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies) and the north right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in Volume 310, Page 62 of the Harris County Map Records (H.C.M.R.);

THENCE, N 88°41'50" E, a distance of 1,706.12 feet along the north right-of-way line of said Colonial Parkway to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, leaving said north right-of-way line and going over and across said 82.881 acre tract the following four (4) courses:

N 01°18'26" W, 45.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. No. T071648;

N 88°41'50" E, 262.34 feet along said north line to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

In a southeasterly direction continuing along said north line, 598.50 feet along the arc of said curve to the right, having a radius of 2,095.00 feet, a central angle of 16°22'06" and whose chord bears S 83°07'07" E, 596.47 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract;

S 15°53'09" W, 45.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north right-of-way line of said Colonial Parkway;

THENCE, along said north right-of-way line and the south lines of said 82.881 acre tract the following two (2) courses:

In a northwesterly direction, 585.00 feet along the arc of a curve to the left, having a radius of 2,050.00 feet, a central angle of 16°21'01" and whose chord bears N 83°07'39" W, 583.02 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve;

WESTSIDE
TRACT 10B
0.883 ACRE
PAGE 2 OF 2

S 88°41'50" W, a distance of 262.34 feet to the **POINT OF BEGINNING** and containing 0.883 of an acre of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 20 Tracts" dated 04/13/07, last revised 04/26/07.



Larry E. Grayson        RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas  77042
Telephone: (281) 558-8700

R:PROJECTS\KIK\KIK13\ADMIN\TR10B.doc

WESTSIDE
TRACT 10C
0.062 ACRE

EXHIBIT
" A-10c "

APRIL 26, 2007
JOB No. KIK13-60
PAGE 1 OF 2

DESCRIPTION OF A 0.062 ACRE TRACT OF LAND SITUATED
IN THE W. C. R. R. COMPANY SURVEY, A-903
HARRIS COUNTY, TEXAS

BEING a 0.062 acre tract of land situated in the W. C. R.R. Company Survey, Abstract No. 903, Harris
County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under
Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 0.062 acre tract being more
particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for the point of
intersection of the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies) and the
north right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in Volume
310, Page 62 of the Harris County Map Records (H.C.M.R.);

THENCE, N 88°41'50" E, a distance of 1,968.46 feet along the north right-of-way line of said Colonial
Parkway to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a
curve to the right;

THENCE, in a southeasterly direction along said north right-of-way line, 585.00 feet along the arc of said
curve to the right, having a radius of 2,050.00 feet, a central angle of 16°21'01" and whose chord bears
S 83°07'39" E, 583.02 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
southwest corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, leaving said north right-of-way line and going over and across said 82.881 acre tract the
following three (3) courses:

N 15°53'09" E, 45.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
northwest corner of the herein described tract and being in the north line of a 30-foot wide
pipeline easement described and recorded under H.C.C.F. No. T071648;

In a southeasterly direction continuing along said north line, 60.00 feet along the arc of a curve to
the right, having a radius of 2,095.00 feet, a central angle of 01°38'28" and whose chord bears
S 74°06'50" E, 60.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
northeast corner of the herein described tract;

S 15°53'09" W, 45.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
southeast corner of the herein described tract and being in the north right-of-way line of said
Colonial Parkway;

THENCE, along said north right-of-way line and the south line of said 82.881 acre tract, in a
northwesterly direction, 60.00 feet along the arc of a curve to the left, having a radius of 2,050.00 feet, a
central angle of 01°40'37" and whose chord bears N 74°06'50" W, 60.00 feet to the **POINT OF
BEGINNING** and containing 0.062 of an acre of land.

WESTSIDE
TRACT 10C
0.062 ACRE
PAGE 2 OF 2

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 20 Tracts" dated 04/13/07, last revised 04/26/07.



Larry E. Grayson    RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP 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

R:PROJECTS\KIK\KIK13\ADMIN\TR10C.doc

WESTSIDE
TRACT 10D
0.155 ACRE

EXHIBIT
" A-10D"

APRIL 26, 2007
JOB No. KIK13-60
PAGE 1 OF 2

### DESCRIPTION OF A 0.155 ACRE TRACT OF LAND SITUATED
### IN THE W. C. R. R. COMPANY SURVEY, A-903
### HARRIS COUNTY, TEXAS

BEING a 0.155 acre tract of land situated in the W. C. R.R. Company Survey, Abstract No. 903, Harris County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 0.155 acre tract being more particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for the point of intersection of the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies) and the north right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in Volume 310, Page 62 of the Harris County Map Records (H.C.M.R.);

THENCE, N 88°41'50" E, a distance of 1,968.46 feet along the north right-of-way line of said Colonial Parkway to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the right;

THENCE, in a southeasterly direction along said north right-of-way line, 645.00 feet along the arc of said curve to the right, having a radius of 2,050.00 feet, a central angle of 18°01'38" and whose chord bears S 82°17'21" E, 642.35 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southwest corner of the herein described tract and being the **POINT OF BEGINNING**;

THENCE, leaving said north right-of-way line and going over and across said 82.881 acre tract the following three (3) courses:

N 15°53'09" E, 45.00 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northwest corner of the herein described tract and being in the north line of a 30-foot wide pipeline easement described and recorded under H.C.C.F. No. T071648;

In a southeasterly direction continuing along said north line, 150.22 feet along the arc of a curve to the right, having a radius of 2,095.00 feet, a central angle of 04°06'30" and whose chord bears S 71°14'21" E, 150.19 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the herein described tract;

S 15°53'09" W, 45.17 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the southeast corner of the herein described tract and being in the north right-of-way line of said Colonial Parkway;

THENCE, along said north right-of-way line and the south line of said 82.881 acre tract, in a northwesterly direction, 150.23 feet along the arc of a curve to the left, having a radius of 2,050.00 feet, a central angle of 04°11'56" and whose chord bears N 71°10'33" W, 150.20 feet to the **POINT OF BEGINNING** and containing 0.155 of an acre of land.

WESTSIDE
TRACT 10D
0.155 ACRE
PAGE 2 OF 2

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 20 Tracts" dated 04/13/07, last revised 04/26/07.



Larry E. Grayson      RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas 77042
Telephone: (281) 558-8700

RP 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
UNOFFICIAL COPY
UNOFFICIAL COPY

WESTSIDE
TRACT 10E
0.586 ACRE

" *A - 10 E*'

APRIL 26, 2007
JOB No. KIK13-60
PAGE 1 OF 2

DESCRIPTION OF A 0.586 ACRE TRACT OF LAND SITUATED
IN THE W. C. R. R. COMPANY SURVEY, A-903
HARRIS COUNTY, TEXAS

BEING a 0.586 acre tract of land situated in the W. C. R.R. Company Survey, Abstract No. 903, Harris
County, Texas, being a part of a called 82.881 acre tract described as "TRACT 7" as recorded under
Harris County Clerk's File Number (H.C.C.F. No.) R655277, said 0.586 acre tract being more
particularly described by metes and bounds as follows:

Bearing orientation is based on the Texas State Plain Coordinate System, South Central Zone, NAD-83.

**COMMENCING** at a Texas Department of Transportation (TxDOT) monument found for the point of
intersection of the eastern right-of-way line of State Highway 99 (Grand Parkway) (width varies) and the
north right-of-way line of Colonial Parkway (100-foot width) as shown on the plat recorded in Volume
310, Page 62 of the Harris County Map Records (H.C.M.R.);

THENCE, N 88°41'50" E, a distance of 1,968.46 feet along the north right-of-way line of said Colonial
Parkway to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a
curve to the right;

THENCE, in a southeasterly direction along said north right-of-way line, 795.23 feet along the arc of said
curve to the right, having a radius of 2,050.00 feet, a central angle of 22°13'34" and whose chord bears
S 80°11'23" E, 790.26 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
southwest corner of the herein described tract and being the **POINT OF BEGINNING;**

THENCE, leaving said north right-of-way line and going over and across said 82.881 acre tract the
following five (5) courses:

 N 15°53'09" E, 45.17 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
 northwest corner of the herein described tract and being in the north line of a 30-foot wide
 pipeline easement described and recorded under H.C.C.F. No. T071648;

 In a southeasterly direction continuing along said north line, 41.02 feet along the arc of a curve to
 the right, having a radius of 2,095.00 feet, a central angle of 01°07'19" and whose chord bears
 S 68°37'27" E, 41.02 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the
 point of tangency of said curve;

 S 68°03'47" E, 152.17 feet continuing along said north line to a 5/8-inch iron rod with cap
 stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

 In a southeasterly direction, 368.01 feet along the arc of said curve to the left, having a radius of
 1,405.00 feet, a central angle of 15°00'26" and whose chord bears S 75°34'00" E, 366.95 feet to
 a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the northeast corner of the
 herein described tract;

 S 00°22'47" W, 45.29 feet to the southeast corner of the herein described tract and being in the
 north right-of-way line of said Colonial Parkway;

WESTSIDE
TRACT 10E
0.586 ACRE
PAGE 2 OF 2

THENCE, along said north right-of-way line and the south lines of said 82.881 acre tract the following three (3) courses:

In a northwesterly direction, 384.96 feet along the arc of a curve to the right, having a radius of 1,450.00 feet, a central angle of 15°12'41" and whose chord bears N 75°40'07" W, 383.83 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of tangency of said curve

N 68°03'47" W, a distance of 152.17 feet to a 5/8-inch iron rod with cap stamped "BROWN & GAY" set for the point of curvature of a curve to the left;

In a northwesterly direction, 36.26 feet along the arc of said curve to the left, having a radius of 2,050.00 feet, a central angle of 01°00'49" and whose chord bears N 68°34'11" W, 36.26 feet to the **POINT OF BEGINNING** and containing 0.586 of an acre of land.

This metes and bounds description was prepared in conjunction with an on the ground survey of the tract described and is to accompany the plat of survey titled "Land Title Survey of 20 Tracts" dated 04/13/07, last revised 04/26/07.



STATE OF TEXAS
REGISTERED
LARRY E. GRAYSON
5071
PROFESSIONAL
LAND SURVEYOR

Larry E. Grayson    RPLS No. 5071
Brown & Gay Engineers, Inc.
10777 Westheimer, Suite 400
Houston, Texas  77042
Telephone: (281) 558-8700

RP 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

EXHIBIT B TO CASH SPECIAL WARRANTY DEED FROM
WESTSIDE VENTURES, LTD. TO KICKERILLO COMPANY, INC.

PERMITTED EXCEPTIONS

All matters which an accurate survey would show.

All restrictions and easements affecting that portion of subject property within the boundaries of Westside Parkway Section One, according to the map or plat thereof recorded under Film Code No. 464143 of the Map Records of Harris County, Texas. (As to Tract 7)

Transcontinental Gas Pipe Line Corporation pipe line right-of-way and easement 75 feet in width as set forth in Volume 2020, Page 519 and Volume 4159, Page 255 both of the Deed Records of Harris County, Texas. (As to Tracts 8 and 9)

Easement for utility purposes granted to Harris County Municipal Utility District No. 62, filed for record under Harris County Clerk's File No. H284160. (As to Tracts 6 and 10)

Easement for water line purposes, 10 feet in width, granted to Harris County Municipal Utility District No. 63 in instrument filed for record under Harris County Clerk's File No. R419762. (As to Tracts 4 and 10)

Easement for utility purposes, 60 feet in width, granted to Harris County Municipal Utility District No. 63 in instrument filed for record under Harris County Clerk's File No. R419765. (As to Tracts 5 and 10)

Easement for sanitary sewer purposes granted to Harris County Municipal Utility District No. 63, as set forth and defined under Harris County Clark's File No. R419766. (As to Tracts 2 and 8)

Sanitary sewer easement 15 feet in width as set forth and defined in instrument granting same filed for record under Harris County Clerk's File No. T284510 corrected under V246218. (As to Tracts 7, 8 and 10)

A 1/16th non-participating royalty interest in all oil, gas and other minerals, bonuses, rentals and all other rights in connection with same are excepted herefrom as the same is set forth in instrument recorded in Volume 3760, Page 428 of the Deed Records of Harris County, Texas.

A 1/64th royalty interest in all oil, gas and other minerals, bonuses, rentals and all other rights in connection with same are excepted herefrom as the same is set forth in instrument recorded in Volume 947, Page 580 of the Deed Records of Harris County, Texas.

1

6112.0029/SJS1979J 1/R:09-26-07/DIII/mja
(Westside Ventures-Kickerillo Company, Inc.)

All oil, gas and other minerals, the royalties (except a 1 /32nd non-participating royalty interest), bonuses, rentals and all other rights in connection with same are excepted herefrom as set forth in instrument recorded in Volume 1216, Page 173 of the Deed Records of Harris County, Texas. Surface rights waived under Harris County Clerk's File No.(s) J858933, ratified by J859617 and J859618, a Termination of Partial Waiver and Release of Surface Rights and Designation of Drillsite filed under S5656193.

One-half of all oil, gas and other minerals, the royalties, bonuses, rentals and all other rights in connection with same are excepted herefrom as set forth in instrument filed for record under Harris County Clerk's file No. D758435.

All oil, gas and other minerals, the royalties, bonuses, rentals and all other rights in connection with same are excepted herefrom as set forth in instrument filed for record under Harris County Clerk's File No. L891019.

All oil, gas and other minerals, the royalties, bonuses, rentals and all other rights in connection with same are excepted herefrom as set forth in instrument filed for record under Harris County Clerk's File No. L891017.

One-foot Reserve along the, property line abutting Colonial Parkway as reflected by the plat of COLONIAL PARKWAY AND PEEK ROAD STREET DEDICATION plat filed for record in Volume 310, Page 62 of the Map Records of Harris County, Texas. (As to Tracts 7, 8, 10)

Right of Way Agreement granted to Trunkline Gas Company set forth under Volume 3812, Page 598 and Volume 3812, Page 603, as modified by instrument under Clerk's File No. T071648, Harris County, Texas. (As to Tract 10)

The subject property is located within the City of Houston or within its extra territorial jurisdiction (within 5 miles of the city limits but outside another municipality) it is subject tot he terms, conditions and provisions of City of Houston Ordinance #851878, pertaining to among other things, the platting and replatting of real property and to the establishment of building lines (25 feet along major thoroughfares and 10 feet along other streets). A certified copy of said ordinance was filed for record on August 1, 1991, under Harris County Clerk's File No. N253886.

The Property is located within the City of Houston's extra territorial jurisdiction, and is subject to the terms, conditions and provisions of City of Houston Ordinance No. 85-1878, as amended.

2

6112.0029/SJS1979J 1/R:09-26-07/DIII/mja
(Westside Ventures-Kickerillo Company, Inc.)

EXHIBIT "G"

## EXHIBIT "A"

Being 11.866 acres of land located In the W.C.R.R Co. Survey Block 3, Section 7, Abstract 903, Harris County, Texas, more particularly being a portion of that certain called 457.2104 acre tract of land conveyed to Franz Road Investors by instrument of record under File No. E245082 of the Official Public Records of Real Property of Harris County, Texas, said 11.866 acres being more particularly described by metes and bounds as follows (all bearings referenced to the Texas Coordinate System, South Central Zone);

BEGINNING at a 5/8 inch Iron rod found marking the northwest corner of a called 1.735 acre tract conveyed to Motivated Child Learning Center, Inc., by instrument of record under File No. H95578 of the Official Public Records of Real Property of Harris County, Texas, also being in the southerly right-of-way line of Franz Road (60,00 feet wide);

Thence, with the westerly line of said 1.735 acres, South 01° 58' 17" East, 373.23 feet to a 5/8 inch iron rod found for corner, being the southwest corner of said 1.735 acres, also being in the northwesterly line of Williamsburg Settlement, Section Three, a subdivision of record in Volume 298, Page 81 of the Map Records of Harris County, Texas:

Thence with said northwesterly line, South 45° 21' 59" West 331.05 feet to a 5/8 inch iron rod set for corner:

Thence, continuing with said northwesterly line, South 57° 38' 09" West 614.00 feet to a 1/2 inch iron rod found for corner;

Thence, leaving said northwesterly line, North 01° 58' 07" West, at 86.97 feet pass a 5/8 inch iron rod found marking the southeast corner of a called 8.0883 acre tract conveyed to Harris County Municipal Utility Districts No. 61, 64, and 65 and West Harris County Municipal Utility District No. 2 by instrument of record under File No. G836294 of the Official Public Records of Real Property of Harris County, Texas, and continue, with the easterly line of said 8. 0883 acres, in all a distance of 908.22 feet to a 1/2 inch iron rod found for corner in the southerly right-of-way line of aforementioned Franz Road;

Thence, with said southerly right right-of-way line, North 88° 01' 44" East, 773.02 feet to the POINT OF BEGINNING and containing 11.866 acres of land, SAVE AND EXCEPT THAT CERTAIN 0.325 ACRE TRACT OF LAND CONVEYED TO THE COUNTY OF HARRIS BY SPECIAL WARRANTY DEED FILED FOR RECORD UNDER CLERK'S FILE NUMBER S739196 OF THE OFFICIAL PUBLIC RECORDS OF REAL PROPERTY OF HARRIS COUNTY, TEXAS.

NOTE: THIS COMPANY DOES NOT REPRESENT THAT THE ABOVE ACREAGE AND/OR SQUARE FOOTAGE CALCULATIONS ARE CORRECT.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts additions and changes were present at the time the instrument was filed and recorded.



RP 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

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in the number Sequence on the date and at time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County Texas on

OCT - 2 2007

COUNTY CLERK
HARRIS COUNTY, TEXAS