UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Westside Ventures, Ltd., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-19-2928 |
| | § | |
| Houston Community College | § | |
| System District, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Partial Summary Judgement

1.    *Introduction.*

Westside Ventures develops commercial and residential real-estate. Houston Community College is a public junior college, organized under Texas law. It has more than 70,000 students across multiple campuses in Houston and satellite cities. The college bought property that had been sold by Westside Ventures restricted for single-family homes. This and the surrounding land is united by covenants that control its uses. Ignoring the restrictions, the college began building a school on this land.

2.    *Background.*

Since 1996, Westside has owned roughly 760 acres in Katy. It planned to build a community of shops and homes at the intersection of Interstate 10 and State Highway 99. Westside guided the development of this land by imposing deed restrictions on some lots to single-family houses to balance residential configurations with commercial interests.

In 2007, Westside sold 100.995 acres to Kickerillo Company, Inc., to build homes. Westside had restricted 54.4 acres out of the 100.995 acres to single-family houses. The deed says that the restrictions are "covenants running with the land, binding on successors and assigns."

In 2008, Kickerillo sold 54.5 acres of this land that had been restricted to single-family homes to Perrin W. White and James M. Hill, Jr.

Ten years later, White and Hill's successors in interest (Valerie John Hunt, Meredith Hill Carroll, and DWPW Grand Parkway, LLC) asked Westside if it would remove the deed restrictions. Westside declined the proposal.

In 2019, White and Hill's successors in interest sold 25.173 acres of that tract to Houston Community College for a campus. The contract said the seller would not sue the college for its non-residential use of the property. The contract also paid the college $300,000 for the purpose of mitigating any costs or "remedying existing conditions and contingencies on the property." At no point in the negotiation did the college offer compensation at all. Westside offered the college an option to purchase approximately 54 acres of land adjacent to the restricted land of which 10 acres would be released for educational and athletic use.

One year later, Westside Ventures sued Houston Community College for ignoring the deed restriction by its beginning construction of a campus. Westside Ventures asks for: (a) declaratory relief that the deed restrictions applies to the college; or (b) just compensation for the inverse condemnation of the property.

3.      *Takings.*

Westside has not received compensation for its property's interests generated by the deed restrictions. Westside says this is a takings by inverse condemnation because ignoring the deed restriction would lower the value of adjacent residential properties.

The college says that it does not need to abide by deed restrictions because it is the government. It also says that compensable property rights are not in deed restrictions.

A.    *The Constitution.*

Two constitutional provisions protect private property from government. The Fifth Amendment of the United States Constitution says that:

> "No person shall be ... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

Also, Article 1, Section 17, of the Texas Constitution says that:

> "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person."

Westside's deed restrictions are a property interest as compensable as other property interests like rights of way or pipeline easements.

B.    *Restrictions of Land.*

People use deed restrictions to protect properties in a residential neighborhood. They also are used to restrict specific types of businesses from opening in a commercial development, prevent residential use, or limit building sizes. A range of exclusions are designed to establish a tone for a subdivision.

In these subdivisions, each parcel is inextricably linked to other parts, either directly or indirectly. Deed restrictions are valuable for future property owners and businesses because they balance the number of retail businesses to homes in a community. Even if the restrictions are shown to be counter-productive under current trends, you can not ignore them.

Westside and nearby property owners were aware of the deed restrictions when they bought property. The deed restrictions were meant to lead to longevity for the livable tracts in the area. The deed restriction is compensable property.[1] Accordingly, the college must pay.

C.    *Inverse Condemnation.*

Inverse condemnation exists when the government seizes a property without paying for it. An owner can use inverse condemnation if his property is damaged by a public benefit, even though no part of his property has been possessed. Inverse condemnation requires that:

> (1) a governmental entity intentionally performed specific acts;
> (2) those acts resulted in the taking, damaging, *devaluing* or destruction of the claimant's property; and
> (3) the taking was for public use.[2]

First, the college is government. The college intentionally purchased land from Hill and White's successors in interest to build a campus having been fully informed about the restrictions on the land as recorded in Harris County and received $300,000 to fight the deed restriction.

Second, Westside is harmed if the deed restriction is violated. The deed restriction limited the property to single-family homes. The college is building a campus with over 4,000 students next to a University of Houston campus. Westside still owns land adjacent to the college lot, and currently, it is planning a mixed-use development called Katy Town Center. A college campus would undermine this calculated project.

Third, the campus would be for public use.

---

[1] *City of Heath v. Duncan*, 152 S.W.3d 147, 151-52 (Tex. App.—Dallas 2004, pet denied); *City of Houston v. McCarthy*, 464 S.W.2d 381 (Tex. App. 1971).

[2] *Thornton v. Ne. Harris Cty. Mud 1*, 447 S.W.3d 23, 33 (Tex. App. 2014).

4.      *Conclusion.*

The laws of England prohibited the least governmental confiscation of private property even for the general good of the community.[3]

The college's use of the land as it were without the deed restriction is a taking that requires compensation because the land without the deed restriction would disrupt the planned pattern of development and uses of other properties. Regardless of the utility of the restriction, it is property. The government can build a campus, but it must pay for the whole title to the land it almost fully bought. The government must give Westside due process. Restrictions that are integral to a land title must be respected.

Westside Ventures prevails.

Signed on October ___7___, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] William Blackstone, *Commentaries on the Laws of England* 134–135 (1765).