United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTSIDE VENTURES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-02928 |
| | § | |
| HOUSTON COMMUNITY COLLEGE SYSTEM DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a case about deed restrictions. In 2019, Defendant Houston Community College System District ("HCC") purchased land whose use was previously restricted by Plaintiff Westside Ventures, Ltd. ("Westside") in the interest of building a development. In October 2021, Judge Lynn Hughes denied HCC's 12(b)(1) Motion to Dismiss, (Dkt. No. 5), and Westside's Motion for Partial Summary Judgment on Inverse Condemnation Liability, (Dkt. No. 33). (*See* Dkt. Nos. 42, 43). HCC now asks this Court to reconsider Judge Hughes's decisions or, alternatively, to certify the two issues for interlocutory appeal. (Dkt. No. 63). The Court declines.

Pending before the Court is Houston Community College System's Motion for Reconsideration or, Alternatively, Certification of an Interlocutory Appeal, (Dkt. No. 63). For the following reasons, the Court **DENIES** the Motion.

**I.    BACKGROUND**[1]

The land at issue was originally purchased by Westside in the 1990s for development purposes. (Dkt. No. 65 at 2). Westside sold the land to a third party with a deed restriction requiring single-family or specific office use. (*Id.*). In 2019, HCC purchased the land from the third party without discussion of any deed restrictions. (Dkt. No. 63 at 8–9). According to the third-party deed, the restrictions are covenants running with the land, binding on successors and assigns. (Dkt. No. 33 at 2). Before selling the land to HCC, the third party unsuccessfully attempted to negotiate a removal of the restrictions with Westside, who had initially imposed the restrictions. (*Id.*); (Dkt. No. 65 at 3). When HCC purchased the land from the third party, the purchase contract included a provision providing HCC with a $300,000 credit "remedying existing conditions and contingencies" on the property. (Dkt. No. 6 at 3 n.2). Soon thereafter, HCC began constructing a campus on the property and Westside sued for violation of the deed restriction. (Dkt. No. 63 at 9).

In 2019, HCC filed a Rule 12(b)(1) Motion to Dismiss, (Dkt. No. 5), and in 2021, Westside filed a Motion for Partial Summary Judgment on Inverse Condemnation Liability, (Dkt. No. 33). On October 7, 2021, Judge Hughes denied the Motion to Dismiss, finding that HCC is not immune from suit and that Westside "has adequately pleaded a compensable property interest in the deed restrictions[.]" (Dkt. No. 42 at 2). On the same day, Judge Hughes issued an Opinion on Partial Summary Judgment as to HCC's inverse

---

[1] The Court makes these findings solely for the purposes of this Order.

condemnation liability, holding that the "deed restriction is compensable property" and, therefore, HCC's violation of the deed restriction "is a taking that requires compensation[.]" (Dkt. No. 43 at 4–5). HCC asks the Court to reconsider and reverse both orders under Rule 54(b). (Dkt. No. 63 at 11). Alternatively, HCC requests that the Court certify the two issues—immunity and inverse condemnation liability—for interlocutory appeal. (*Id.* at 24–25).

## II. LEGAL STANDARD

### A. RECONSIDERATION

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam)); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment[.]"). A district court has discretion to deny motions for reconsideration and only "abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Austin*, 864 F.3d at 329 (quoting *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

### B. INTERLOCUTORY APPEAL

Section 1292(b) authorizes a district judge to certify an order for interlocutory appeal when the "order involves [(1)] a controlling question of law [(2)] as to which there

is substantial ground for difference of opinion and [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995). Unless all three criteria are satisfied, a court cannot certify an interlocutory appeal. *See Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir. 1983). The moving party bears the burden of demonstrating the necessity of an interlocutory appeal. *Coates v. Brazoria Cnty. Tex.*, 919 F.Supp.2d 863, 867 (S.D. Tex. 2013). The Fifth Circuit has noted that "Section 1292(b) appeals are exceptional." *Clark-Dietz*, 702 F.2d at 69. That is because Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 722 (N.D. Tex. 2006).

### III.   DISCUSSION

In its Motion, HCC argues that reconsideration or interlocutory appeal are warranted for two reasons. (*See* Dkt. No. 63 at 12–19). First, HCC argues that because it is a college, governmental immunity bars this suit. (*Id.* at 12–13). Second, HCC argues that Westside's claim "does not fall within the scope of an inverse condemnation claim under the takings clause because deed restrictions . . . are not, themselves, compensable property interests[.]" (*Id.* at 10); (*see also id.* at 13–19); (Dkt. No. 66 at 3–4). In response, Westside argues that HCC relies on faulty caselaw, properly distinguished in Judge Hughes's previous orders. (Dkt. No. 65 at 1–2).

### A.   SOVEREIGN IMMUNITY

"A municipal government enjoys immunity from suit unless its immunity has been waived." *City of Houston v. Carlson*, 451 S.W.3d 828, 830 (Tex. 2014) (citing *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)). "A statutory waiver of immunity is unnecessary for a takings claim because the Texas Constitution waives 'governmental immunity for the taking, damaging or destruction of property for public use.'" *El Dorado Land Co., L.P. v. City of McKinney*, 395 S.W.3d 798, 801 (Tex. 2013) (quoting *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980)).

Inverse-condemnation claims, such as the one here, are one type of takings claim. *See Carlson*, 451 S.W.3d at 831. "A taking is the acquisition, damage, or destruction of property via physical or regulatory means." *Id.* "The action is termed 'inverse' because it is initiated by the private property owner instead of the government, but its purpose and procedure are generally no different." *El Dorado*, 395 S.W.3d at 804 (quoting *City of Dallas v. Stewart*, 361 S.W.3d 562, 567 (Tex. 2012)). Accordingly, governmental immunity is waived in this case with respect to Westside's inverse-condemnation claims. *See Carlson*, 451 S.W.3d at 830; *see also City of Friendswood v. Horn*, 489 S.W.3d 515, 524 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (finding that the City "does not have immunity from a valid takings claim"). The order denying dismissal of Westside's claims correctly recognized that HCC is not immune from suit. (*See* Dkt. No. 42 at 1–2). Additionally, because this is a well-established area of law without substantial ground for disagreement, HCC has not shown that Judge Hughes's order warrants certification for interlocutory appeal. (*See* Dkt. No. 63 at 24–25).

**B.     INVERSE CONDEMNATION CLAIM**

"To plead inverse condemnation, a plaintiff must allege an intentional government act that resulted in the uncompensated taking of private property." *Carlson*, 451 S.W.3d at 831.  The government's alleged action can constitute a taking if it "denies the [owners] the use of their property, renders it valueless, or unreasonably interferes with their right to use and enjoy the property." *Horn*, 489 S.W.3d at 525 (citing *Sheffield Dev. Co. v. City of Glenn Heights*, 140 S.W.3d 660, 671–73 (Tex. 2004)).  The government's alleged action must also be a compensable taking.  *Jim Olive Photography v. Univ. of Hous. Sys.*, 624 S.W.3d 764, 771 (Tex. 2021) ("Governments interfere with private property rights every day.  Some of those intrusions are compensable; most are not."), *cert. denied*, ____ U.S. ____, 142 S.Ct. 1361 (Mem.), 212 L.Ed.2d 322 (2022).

Whether a compensable property interest exists depends on state law.  *See United States v. 0.073 Acres of Land*, 705 F.3d 540, 544 (5th Cir. 2013) (per curiam).  Texas courts agree that "the restriction on the use of property . . . is a property right for which compensation may be recovered."  *City of Heath v. Duncan*, 152 S.W.3d 147, 152 (Tex. App.—Dallas 2004, pet. denied) (finding a negative easement constituted a property right requiring compensation); *see also Horn*, 489 S.W.3d at 526 (finding that the City's unilateral violation of a negative deed restriction on land use can "comprise a property interest held by the homeowners because they are in the nature of covenants that run with the land"); *Harris Cnty. Flood Control Dist. v. Glenbrook Patiohome Owners Ass'n*, 933 S.W.2d 570, 576 (Tex. App.—Houston [1st Dist.] 1996, writ denied).

6

HCC's reliance on the holding in *City of Houston v. Wynne*, 279 S.W. 916 (Tex.Civ.App.—Galveston 1925), *writ ref'd per curiam*, 115 Tex. 255, 281 S.W. 544 (1926), is misplaced and not "helpful to this case" because *Wynne* was decided before "real covenants had [] been recognized in Texas as a property interest." *Harris Cnty. Flood*, 933 S.W.2d at 576; *see also City of Houston v. McCarthy*, 464 S.W.2d 381, 387 (Tex. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.) (finding that plaintiffs can recover for "diminished [property] value by reason of the extinguishment of [a] negative easement").

In this case, Westside has sufficiently pleaded a compensable property interest—namely, its interest in the property's use restrictions, which are restrictions running with the land, binding on successors and assigns. (Dkt. No. 33 at 2). Despite HCC's assertion that it "has identified an abundance of authority contrary to the Court's order," the relevant and controlling authority on the question compels this finding. (*See* Dkt. No. 63 at 25); (Dkt. No. 66 at 4–11). Accordingly, the previous order is not in error, (*see* Dkt. No. 43 at 2–4), and HCC has failed to show that an interlocutory appeal under Section 1292(b) is warranted because this is a well-established area of law without substantial ground for disagreement.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Houston Community College System's Motion for Reconsideration or, Alternatively, Certification of an Interlocutory Appeal, (Dkt. No. 63).

It is SO ORDERED.

Signed on March 29, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**