United States District Court
Southern District of Texas
**ENTERED**
August 03, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WESTSIDE VENTURES, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-CV-02928** |
| | § | |
| **HOUSTON COMMUNITY COLLEGE** | § | |
| **SYSTEM DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a case about deed restrictions. In 2019, Defendant Houston Community College System District purchased land whose use was previously restricted by Plaintiff Westside Ventures, Ltd. in the interest of building a development. Westside originally filed suit on March 4, 2019. Westside did not seek to recover interest in their petition. Nor did it demand a jury. Pending before the Court are two motions: (1) Plaintiff's Request for Jury Trial, (Dkt. No. 70), and (2) Plaintiff's Motion for Leave to Amend Complaint, (Dkt. No. 71). For the following reasons, the Court **GRANTS** the request for a jury trial and **DENIES** the motion to amend.

## I.     BACKGROUND[1]

Plaintiff Westside Ventures, Ltd. ("Westside") sued Defendant Houston Community College ("HCC") in state court in March 2019. (Dkt. No. 1-1). HCC removed

---

[1]     The Court makes these findings solely for purposes of this Order. The Court previously detailed the factual background of this action in resolving a different motion. (*See* Dkt. No. 69). Many of those facts are not material to the resolution of these Motions.

the case to federal court where it was assigned to Judge Lynn N. Hughes.  (Dkt. No. 3).

No jury demand was made. (*See* Dkt. Nos. 1-1, 1-2 at 3–7).

Roughly a year-and-a-half later, Westside filed a motion for partial summary judgment on liability, (Dkt. No. 33), and Judge Hughes granted that motion, (Dkt. No. 43).  Westside did not amend its complaint following the Court's ruling.  This was followed by a round of discovery and briefing on damages pursuant to Judge Hughes's orders.  (*See* Dkt. Nos. 49, 51, 56, 57).

After the case was reassigned to the undersigned, the Court issued a notice informing the Parties that all prior deadlines remained in effect.  (Dkt. No. 60).  Two months later, HCC moved to reconsider Judge Hughes's partial summary judgment ruling on liability.  (Dkt. No. 63).  The motion was denied.  (Dkt. No. 69).  About three months later, Westside filed the two pending motions, requesting to amend their complaint, (Dkt. No. 71), and for this case to be tried by a jury, (Dkt. No. 70).   Briefing is now complete.

## II.    LEGAL STANDARD

### A.    MOTION FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."  Failure to serve and file the demand constitutes a waiver of the right to a jury trial.  Fed. R. Civ. P. 38(d).   Waiver notwithstanding, a court nevertheless "may, on

motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

"[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); *see also Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). The Court considers five factors in this inquiry:

1)      whether the case involves issues which are best tried to a jury;

2)      whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

3)      the degree of prejudice to the adverse party;

4)      the length of the delay in having requested a jury trial; and

5)      the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp.*, 916 F.2d at 1064.

### B.      MOTION FOR LEAVE TO AMEND

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat'l. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave should be 'freely given when justice so requires.'" *Id.* (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "This is a lenient standard, but it does not apply if an amendment would require the modification of a previously entered scheduling order." *Id.* "Instead, Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to

3

amend has expired.'" *Id.* (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  In determining whether good cause is shown, the Court considers "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos. L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up).  The Court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-01552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012).  Only after the movant demonstrates good cause under Rule 16(b)(4) would "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend.  *S&W Enters., L.L.C.*, 315 F.3d at 536.

## III.   DISCUSSION

### A.   MOTION FOR JURY TRIAL[2]

Westside argues that the five Rule 39 factors weigh in its favor.  (Dkt. No. 70 at 1–3).  Westside specifically argues (1) damages are best tried by a jury, a grant of the Motion will not result in (2) disruption or (3) prejudice, and that (4) the length of delay and

---

[2]   As an initial matter, it is undisputed that Westside failed to serve and file a jury demand. (*See* Dkt. No. 70 at 1); (Dkt. No. 73 at 1); (Dkt. No. 75 at 1–2).  The Court thus addresses whether the Motion should be granted under Rule 39.

(5) reason for delay in requesting a jury trial is due to the unique procedural history of this case. (*Id.* at 2). HCC argues the request fails for two reasons. First, the Motion was made after the scheduling order's motion deadline. (Dkt. No. 73 at 1). Second, HCC argues the request should have been made years ago, and that the Rule 39 factors counsel in favor of denial. (*Id.* at 1–2). After weighing the five factors, the Court agrees with Westside.

To start, the Court is unpersuaded by HCC's timeliness argument. It is true—the motion is late. *Compare* (Dkt. No. 70 at 5) (filed on June 17, 2024) *with* (Dkt. No. 68 at 1) (pre-trial-motion deadline of April 19, 2024). Nevertheless, the Court considers the Motion. *See, e.g., Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (holding that the district court did not abuse its discretion in considering an untimely motion).

Looking now to the five factors, the Court finds they weigh in favor of a jury in this case. The first factor—whether the case involves issues which are best tried to a jury—weighs in favor of a jury. Only damages remain in this case. (Dkt. Nos. 43, 69). "Damages are within the province of the jury." *Phoenix Indem. Co. v. Givens*, 263 F.2d 858, 863 (5th Cir. 1959). There is no dispute that Westside would be entitled to a jury had a timely demand been made. *See, e.g., Sharper v. Right Away Maintenance Co.*, No. 3:22-CV-00560, 2023 WL 4777911, at *2 (M.D. La. July 26, 2023) ("First, because Plaintiff is seeking compensatory and punitive damages under Title VII . . . he may demand a jury trial."); *Desoto Grp., LLC v. Linetec Servs., LLC*, No. 3:20-CV-00677, 2022 WL 20056935, at *2 (S.D. Miss. July 18, 2022) ("[I]t is proper for a jury to decide Plaintiff's damages claims against Defendants[.]").

The second factor—whether granting the motion would result in a disruption of the court's schedule or that of an adverse party—also weighs in favor a jury. This case is set for docket call on August 8, 2024. (Dkt. No. 68 at 2). The use of a jury at trial will not impact the trial date. *See, e.g., Sharper,* 2023 WL 4777911, at *2 ("[T]he use of a jury at trial will not impact the trial date[.]"); *Desoto Grp., LLC,* 2022 WL 20056935, at *2 ("[T]his matter can be tried by a jury [on the same date] that the non-jury trial is currently scheduled to begin.").

The third factor—the degree of prejudice to the adverse party—weighs heavily against HCC. The Court held a status conference on April 18, 2023. In that conference, the Parties informed the Court that HCC—the Party now opposing a jury—had requested a jury, and Westside conceded that they are "probably entitled to one." (Status Conference (April 18, 2023) at 2:13:50−2:14:27). Since the jury would receive a question on damages, the Court asked the Parties whether it would make sense to submit an advisory question on liability to the jury as well. (*Id.* at 2:14:51–2:16:30). Accordingly, there was a presumption by everyone, the Court included, that a jury was going to decide the case.

The fourth factor—the length of delay—weighs against Westside. It is clear that Westside had not demanded a jury as of the April 18, 2023, conference. But, in that same conference, the Parties informed the Court that a jury had been demanded by HCC. It is not surprising that Westside failed to request one after that.

The fifth factor—the reason for the delay—weighs slightly against Westside. Westside argues "the cause for delay in requesting a jury is the unique procedural history

of this case." (Dkt. No. 70 at 2). The live complaint, originally filed in state court, did not contain a jury demand. (Dkt. No. 1-3 at 1–9). That is because it was not required. *See* Tex. R. Civ. P. 504.1(a) ("A written demand for a jury must be filed no later than 14 days before the date a case is set for trial."). But once the case was removed, there was ample opportunity to request a jury trial, and it appears that Westside thought that HCC had made one.

In sum, the factors weigh in favor of submitting this case to a jury. The Motion is therefore granted.

### B.   MOTION FOR LEAVE TO AMEND

As for Westside's motion to amend its complaint, the pre-trial motion deadline was April 19, 2024. (Dkt. No. 68 at 1). Westside moved for leave roughly two months after this deadline. (Dkt. No. 71). The Motion is therefore untimely. Thus, Westside bears the burden of demonstrating good cause under Rule 16(b)(4) before meeting the more liberal Rule 15(a) standard. *S&W Enters., L.L.C.*, 315 F.3d at 536. Viewing this case through the lens of the good-cause factors, *see, e.g.*, *Squyres*, 782 F.3d at 237, it is apparent the Motion should be denied.

The first factor — the explanation for the failure to timely comply — strongly favors denial because Westside has not even offered an explanation for the delay. (*See* Dkt. Nos. 71, 76).

The second factor — the importance of the modification — favors granting the motion. Westside contends it "seeks to amend the petition in non-substantive ways . . . to update the facts, defendants, and relief requested to conform the pleadings with the

current state of this case, to incorporate its request for a jury trial, and to clarify that its prayer for relief includes a request for prejudgment interest[.]" (Dkt. No. 71 at 2). These amendments are sufficiently important so as to weigh in favor of granting the motion.

The third factor—the potential prejudice in allowing the modification—favors denial because HCC would be prejudiced by the amendment increasing its exposure at this late date. Over the course of the past five years, not once was prejudgment interest sought by Westside. As explained by the Fifth Circuit, "[a]n amendment that a party raises late in the pre-trial life of a lawsuit has a significant tendency to disrupt trial proceedings." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994).

The fourth factor—whether a continuance could cure prejudice—is neutral. The Court could certainly grant a continuance; however, this case is five years old, and it is unclear how HCC could use the additional time to better prepare for trial on the issue of prejudgment interest.

Although the factors are split relatively evenly, the Court finds that the delay is such that the amendment should not be allowed here. This is particularly so in light of Westside's failure to explain why it did not move to amend the complaint until after the motion deadline and so late in the day. Accordingly, Westside's motion to amend the Complaint is denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Request for Jury Trial, (Dkt. No. 70), is **GRANTED**, and Plaintiff's Motion for Leave to Amend Complaint, (Dkt. No. 71), is

**DENIED.**  The Clerk of Court is **INSTRUCTED** to **STRIKE** Plaintiff's Third Amended

Complaint, (Dkt. No. 72), from the docket sheet.

It is SO ORDERED.

Signed on August 3, 2024.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**