IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTSIDE VENTURES, LTD. | § | |
| | § | |
| VS. | § | 4:19-CV-02928 |
| | § | |
| HOUSTON COMMUNITY COLLEGE | § | |
| SYSTEM DISTRICT | § | |

## PLAINTIFF'S BRIEF ON ADMISSIBILITY OF POST-TAKING EVENTS

Plaintiff, Westside Ventures, Ltd., files this brief on the admissibility of post-taking events and would show the Court as follows:

The Court asked the parties to submit briefing addressing the admissibility of Defendant's Exhibit No. 27. In response, Defendant submits this brief addressing its objections to Exhibit No. 27 as well as Defendant's Exhibit Nos. 5, 15, and 25, each of which either depicts or describes post-taking market activity within the Westside's development. Plaintiff objects to this evidence as not relevant to the sole issue in this case, the diminution in value of Plaintiff's properties immediately before and after HCC's taking on April 10, 2019. FED. R. EVID. 401. To the extent this evidence has any probative value, it is outweighed by the danger of unfair prejudice to Plaintiff, confusing the issue before the jury, and misleading the jury. FED. R. EVID. 403.

### GENERAL ADMISSIBILITY OF POST-TAKING EVENTS

Compensation for property taken by eminent domain must be measured in consideration of circumstances that may affect the market value of the land, meaning the perceptions of willing buyers and sellers, at the time of the taking. *Austin v. Cannizzo*, 267 S.W.2d 808, 814 (Tex. 1954). Thus, evidence of events occurring after the date of the

taking must generally be excluded because those events could not have affected an antecedent market value. *State v. Little Elm Plaza, Ltd.*, No. 02-11-00037-CV, 2012 Tex. App. LEXIS 8880, at *53-54 (Tex. App.—Fort Worth Oct. 25, 2012, pet. dism'd). Evidence of events occurring after the taking may be admissible, however, for rebuttal under certain limited circumstances and for a properly limited purpose. *See Heddin v. Delhi Gas Pipeline Co.*, 522 S.W.2d 886, 889 (Tex. 1975).

Because of the risk of confusion and prejudice, courts should use a limiting instruction when allowing the jury to hear evidence of events occurring after the date of value. *See English v. Ramo, Inc.*, 474 S.W.2d 600, 610 (Tex. Civ. App.—Dallas 1971), *set aside*, 500 S.W.2d 461 (Tex. 1973). In *English*, which involved stock valuation on a date certain, the court compared the situation to a potential zoning change affecting market value in an eminent domain case, where proof of an actual post-taking zoning change must be carefully limited so that market value is determined from facts apparent to the hypothetical buyer and seller on the date of taking. *See Id.* at 609 (citing *State v. Gorga*, 26 N.J. 113, 118 A.2d 833 (1958)).

In consideration of the high risk of confusion and prejudice, Plaintiff asks this Court to sustain its objections to Defendant's Exhibit Nos. 5, 15, 25, and 27, or, in the alternative, provide a limiting instruction to minimize the risk of prejudice for any post-taking evidence that is admitted.

### ADMISSIBILITY OF DEFENDANT'S EXHIBIT NO. 27

Even if limited evidence of post-taking events is admitted in this case, Defendant's Exhibit No. 27 should be excluded. The danger of confusion and prejudice clearly

outweighs any potential probative value of Exhibit No. 27, consisting of the sale and re-sale of a property within the subject development long after the date of taking and produced on the eve of trial.

The first transaction included in Exhibit No. 27 occurred more than three years after the date of taking, on June 27, 2022, while the second sale occurred nearly five years after the date of taking, on March 27, 2024. A paired sale showing an increase in market conditions between June 2022 and March 2024 bears no relevance to the market value of the subject property as of April 10, 2019. The many changes both within and outside the overall development between 2019 and 2024 that influenced the increased market conditions reflected in this pairing could not have been anticipated by a willing buyer and willing seller as of April 10, 2019. As evidence of market value as of the date of taking, the sole issue in this case, Defendant's Exhibit No. 27 is simply too remote to be of any probative value.

Any evidentiary value of Defendant's Exhibit No. 27 is heavily outweighed by the danger of unfair prejudice and misleading the jury. The sale is being offered as evidence that "the presence of HCC enhanced this site's market value." Considering the multitudes of concomitant variables affecting market value in the overall development during the time frame shown by the pairing—which is not the time frame at issue in the case—any possible evidentiary value is minimal, and the danger of confusion is high.

Moreover, the admission of this evidence would unfairly prejudice Plaintiff. Defendant first produced this evidence on December 30, 2024, just three days before the joint pretrial order deadline and approximately three weeks before trial. The sale was

included as part of a supplemental expert opinion that was produced more than two years after the deadline for submitting expert reports, November 4, 2022, and more than six months after the deadline for challenging expert opinions, April 19, 2024. Dkt. 53, 68; Defendant's Exhibit No. 2. HCC did not supplement its expert's work file to provide confirmation sources that would allow Westside to conduct basic discovery regarding the sale and re-sale. The harm that would likely result from the admission of Exhibit No. 27 far outweighs any possible benefit.

## CONCLUSION

Westside Ventures asks the Court to sustain the foregoing objections to Defendant's Exhibit Nos. 5, 15, 25 and 27 and exclude this evidence from evidence at trial. In the event the Court admits any portion of any of these exhibits, Defendant asks that the evidence be accompanied by an appropriate limiting instruction for the jury to minimize the risk of confusion and prejudice.

Respectfully submitted,

/s/ Charles McFarland
Charles B. McFarland
State Bar No. 00794269
Federal ID No. 19305
Tel 713.325.9701
Email cmcfarland@mcfarlandpllc.com

MCFARLAND PLLC
811 Louisiana St., Suite 2520
Houston, Texas 77002
Tel 713.325.9700
Fax 844.270.5032

Attorney-In-Charge for Plaintiff,
Westside Ventures, Ltd.

OF COUNSEL:

Laura S. Manion
State Bar No. 24074647
Federal ID No. 2374009
Tel 713.325.9703
Email lmanion@mcfarlandpllc.com

Marie D. Harlan
State Bar No. 24085953
Federal ID No. 2717232
Tel 713.325.9706
Email mharlan@mcfarlandpllc.com

MCFARLAND PLLC
811 Louisiana St., Suite 2520
Houston, Texas 77002
Tel 713.325.9700
Fax 844.270.5032

## CERTIFICATE OF SERVICE

I certify that on the 24th day of January, 2025, a true and correct copy of the foregoing was forwarded to all parties receiving electronic service in this case.

/s/ Marie D. Harlan
Marie D. Harlan